[S. F. No. 8329. In Bank.—November 15, 1917.]

MASSACHUSETTS BONDING AND INSURANCE COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, and J. B. KELLEY, Respondents.

WORKMEN'S COMPENSATION ACT—CERTIORARI—OFFICE OF WRIT OF REVIEW.—Under section 84 of the Workmen's Compensation Act, (Stats. 1913, p. 318) an award of the Industrial Accident Commission may be annulled in a proceeding by writ of review if the commission exceeded its powers in making it, or if the decision was procured by fraud, or is unreasonable or not supported by the finding of fact upon which it was made, but it cannot be set aside for errors of procedure or insufficiency of the evidence, where there is substantial evidence to support the findings, or for error in rulings on admission or exclusion of evidence, not affecting the jurisdiction.

ID.—AMENDMENT OF AWARD—NOTICE.—Section 25 of the Workmen's Compensation Act authorizes the commission, at any time, to alter or amend an award, "upon notice, and after opportunity to be heard is given." A notice by the commission to one against whom an award had been made, showing that the employee in whose favor the award had been made, allowing him a temporary disability indemnity, claimed that since the award the temporary disability had become permanent, and stating that the previous award would be amended so as to provide a further allowance for a permanent disability rating, "unless good cause to the contrary be shown in writing and filed with the commission within ten days" from the date of the notice, affords such opportunity to be heard. It does not contravene the provisions of the act and is not open to any objection on constitutional grounds.

ID.—CONCLUSIVENESS OF ORIGINAL AWARD.—A finding on the original award, not attacked by any proceeding in review, concluded the insurer and the employer as to their relation to the injured person, and an answer of the insurance company, thereafter, in the proceed-

ing to amend the award, denying that the injured person was an employee at the time of the injury, was without merit.

ID.—AMENDMENT OF AWARD—WAIVER OF OBJECTIONS.—Where in answer to a notice that an award of the commission would be amended by awarding additional indemnity, unless good cause against such indemnity were shown, an insurer objected solely on the ground that the relation of master and servant did not exist, other objections which it then failed to make were waived.

ID.—BURDEN—HARMLESS ERROR.—Conceding that a notice that an award will be amended so as to increase the amount of indemnity unless good cause be shown to the contrary, places the burden on the insurer and the employer, instead of on the injured employee, where it properly belongs, the error, if any, was harmless, for the dual reason, first, it would be mere error as to the proper method of procedure, and, secondly, the company did not seek any opportunity to introduce any evidence upon the facts alleged against it.

ID.—AMENDED AWARD—PAYMENT OF ORIGINAL AWARD NOT A BAR—WANT OF CONSIDERATION.—Payment of an original award for a temporary disability, and a release thereon by the injured employee of all claims against the insurer by reason of the injury, did not bar a claim for an increased award for subsequently developed permanence of the disability; the payment being sufficient only to satisfy the award previously made, there was no consideration for the release of any additional right arising from the finally resulting permanent disability.

ID.—VALIDITY OF RELEASE.—Under section 32b of the Workmen's Compensation Act, a release which does not provide for payment of full compensation, or is not approved by the Industrial Accident Commission, is not valid.

ID.—AMENDED AWARD—EVIDENCE—UNCONTRADICTED REPORT OF PHYSICIAN.—Where a physician, made an unverified report to the effect that a temporary disability on which an award was previously made had become permanent, and the report is made a part of an application for an amended award, the facts stated on it, if not controverted in any way by the insurer against whom the amended award is sought, have the same standing as an admission of fact made by the pleadings in an ordinary action at law.

APPLICATION for Writ of Review against the Industrial Accident Commission and others to annul an award.

The facts are stated in the opinion of the court.

John Ralph Wilson, for Petitioner.

Christopher M. Bradley, and W. H. Pillsbury, for Respondents.

SHAW, J.—This is an application for a writ of review of an award made by the Industrial Accident Commission in favor of J. B. Kelley, against said petitioner as insurance carrier, and C. M. Manley and Jesse Marks, as employers of said Kelley.

Kelley was injured in May, 1914. He immediately applied to the commission for compensation, and an award was made on April 28, 1915, allowing him $472.50 as a temporary disability indemnity. This sum was paid in full on May 29, 1915, and Kelley's receipt taken therefor. Thereafter, on January 15, 1917, Kelley applied to the commission for a permanent disability rating, under section 25d of the Workmen's Compensation Act, [Stats. 1913, p. 293], on the ground that his injury had developed into a permanent disability, and that he was entitled to an additional allowance on that account. His application stated the facts, and had attached thereto a certificate of a surgeon describing the permanent disability. Thereupon the commission issued and served upon the petitioner herein a notice stating the fact that the physician's report accompanying Kelley's petition showed that Kelley had suffered a permanent disability equal to eighteen per cent of the total disability, and that unless good cause to the contrary be shown in writing and filed with the commission within ten days from the date of said notice, the previous findings and award would be amended so as to provide a further allowance to Kelley of $337.50. Within the ten days said company filed with the commission an answer in writing, stating that it objected to the proposed amendment, on the ground that at the time of the injury Kelley was not in the employment of Manley, whom alone it had insured, and that it was not responsible for any compensation payments whatever. It made no other objection to the proposed amendment. Thereupon the commission considered the matter, and made an award allowing said Kelley the sum of $337.50, to be paid by said Insurance Company, C. M. Manley, and Jesse Marks. It is this award which the petitioner here seeks to have annulled by means of a writ of review.

The proceeding in review is not an appeal. The award can be annulled in such proceeding if the commission exceeded its powers in making it, or if it was procured by fraud,

or if it is unreasonable, or if the findings of facts upon which it was made do not support it, but upon no other grounds. (Section 84.)   It cannot be set aside for errors of procedure only, or for insufficiency of the evidence where there is substantial evidence to support the findings, or for rulings upon the admission or exclusion of evidence, amounting only to error and not affecting the jurisdiction.

The petitioner claims that there was no jurisdiction to make the award because of the fact that the notice did not state the time for hearing, but merely declared that the proposed amendment would be made unless good cause to the contrary was shown in writing within ten days.   The Workmen's Compensation Act empowers the commission to adopt reasonable and proper rules of practice in proceedings before it.   Any notice or method of procedure which does not transgress the constitutional mandate regarding due process of law, or the provisions of the act itself, is within the power of the commission.   It is not obliged to follow the methods in use in the ordinary courts of the land.   The method here provided gave the parties interested an opportunity to make such objection and opposition before the commission to the proposed amendment as they desired.   So far as we can perceive it is not open to any objection on constitutional grounds.   The act provides that such awards may be amended "if opportunity to be heard is given."   This method afforded such opportunity, and does not contravene the provisions of the act in that regard.

The sole objection made by the written answer of the Insurance Company was without merit.   The original findings and award declared that Kelley was in the employment of both Manley and Marks at the time of his injury.   This finding and award was not attacked by any proceeding in review, as provided in the act, and it had become final long before the new proceeding was begun.   It was conclusive upon the parties with regard to their relation to the injured person.

Accompanying the petition of Kelley for the permanent allowance was the doctor's certificate stating the nature of the disability.   The notice to the Insurance Company referred to this certificate, and stated the intention of the commission to make the amendment of the award, unless good cause to the contrary was shown.   The appearance of the Insurance Company, its objection on the ground that it was

not liable at all because Manley was not the employer of Kelley, and its failure to make other objection or to offer any other proof concerning the disability stated in the physician's certificate was a waiver of any other objection to the proceeding. The procedure adopted by the board is much less formal than that prevailing in the ordinary judicial tribunals, but that fact does not make its awards invalid.

It is claimed that the notice stating that the amendment would be made unless good cause to the contrary was shown placed the burden of proof upon the Insurance Company instead of upon Kelley, where it belonged. Even if this were true, it would not avoid the award. It would be mere error as to the proper method of procedure. In any event the company is not injured thereby, since it did not seek any opportunity to introduce evidence upon the facts alleged against it.

It is not always necessary for a tribunal of this character, or indeed for any tribunal, to have formal evidence offered and received, in order to make an order or judgment. Here the company was fairly informed of the purpose of the commission to make the award upon the conditions stated in the notice. They were advised of the facts upon which it was to be made. Instead of offering evidence to the contrary, they submitted the case upon the facts stated. Their conduct in the matter, although not expressed by any formal writing, was substantially the same as that of one who appears in court and submits his cause upon a demurrer to the allegations of the charge against him. It was an admission of the truth of the allegations. An award made in such a manner is not, for that reason, made without jurisdiction of the cause by the tribunal making it. Nor can it be said that it was made without evidence. The admission of the parties, made by their tacit acquiescence, is equal in value to the formal evidence of witnesses and may be made the basis of an award.

The payment of the temporary disability award, and the release thereon, was no bar to the subsequent proceeding for compensation for the permanent disability caused by the injury. It did, in terms, purport to release the company from all claims for compensation by reason of the injury, but the money paid was sufficient only to satisfy the award previously made, and there was no consideration for the release of any

additional right or of any demand for the permanent disability finally resulting from the injury. Furthermore, by the provisions of the act (section 32b), no release is valid unless it provides for the payment of full compensation, or unless it shall be approved by the commission. This release was·not approved by the commission, and it did not provide for payment of full compensation. Therefore, it is not valid under the act.

The question whether the report of the physician on which the award was founded, and which was not sworn to, was competent evidence does not arise in the case. It was a part of the application made by Kelley and it was not controverted in any way by the company. As above indicated, it was in substance the same as the allegation of a complaint in a superior court which is not controverted by the answer. The facts stated in it have the same standing as an admission of fact made by the pleadings in an ordinary action at law.

These comprise the objections made to the validity of the award in question. We find no sufficient cause for annulling it.

The application is denied and the award is affirmed.

Sloss, J., Melvin, J., Henshaw, J., Victor E. Shaw, J., *pro tem.,* and Angellotti, C. J., concurred.