No. 9599.

INDUSTRIAL COMMISSION v. LONDON GUARANTEE & ACCIDENT CO. ET. AL.

1. INDUSTRIAL COMMISSION—*Proceedings before—Nature of.*  Such proceedings are not a civil action nor of the nature thereof.

2. *Private settlement of claim approved by.*  No settlement of a claim, once allowed by the Commission, unless it receives their approval.

3. *Power of District Court,* extends to vacating the orders of the Commission only when made without jurisdiction, procured by fraud, or when unsupported by the findings of fact.

*Error to Denver District Court, Hon. Clarence J. Morley, Judge.*

*En banc.*

Hon. VICTOR E. KEYES, Attorney General, Mr. JOHN S. FINE, Assistant Attorney General, Mr. WALTER E. SCHWED, for plaintiff in error.

Mr. FANCHER SARCHET, WM. E. HUTTON, B. B. MCCAY, for defendants in error.

Opinion by Mr. Justice Teller.

DEFENDANT in error, Ray Brown, was awarded compensation for an injury, on a hearing before the Industrial Commission.

The case was taken by the Guarantee Company to the District Court, and while pending there, Brown and the said company entered into a stipulation for a settlement of Brown's claim for a sum less than that awarded him by the Commission.

Upon the filing of this stipulation in the District Court, objection was made by the Commission to any order being entered thereon, it being insisted that the court could give judgment only after a hearing, and under the limitations of the Workmen's Compensation Act. Judgment was, however, entered on the stipulation, and the commission brings the cause here for review.

The Commission was made a party to the proceeding in the district court, as was required by the statute, and being a party there, it had the right to bring the case here for determination of the questions raised by it.

Counsel for defendants in error urge that, as the Insurance Company and Brown are the only parties financially interested, they may settle the controversy, and, if such settlement is approved by the District Court, it must stand.

This ignores a very important consideration in the case. Inasmuch as the statute provides that the Commission be made a party to the proceedings in the District Court, it cannot be supposed that the cause there may be conducted solely by the other parties. The commission has a function to perform in the District Court, and that manifestly is to defend its award, in the interest both of the claimant and of the state. The Workmen's Compensation Act is an acknowledgment by the state of a duty to aid the injured employees in securing compensation for their injuries, and to prevent the delays and miscarriage of justice which sometimes occurred in personal injury actions in the courts. As has been frequently pointed out, the state has an interest in the recovery of just compensation by injured em-

ployees to the end that they do not, because of their injuries, become public charges.

*Rosensteel v. Niles F. & M. Co.*, 7 Neg. & Comp. Cases 798; *Gerber v. C. C. of Stockton*, 2 Cal. Ind. Acc. Com. 554; *Detloff v. Hammond Standish & Co.*, 195 Mich. 117, 161 N. W. 949.

It is that fact which induced the lawmakers to give to such commissions the power to approve settlements as a condition of their becoming binding on the parties to them.

In *Rosensteel v. Niles Forge & Mfg. Co.*, *supra*, the Ohio Industrial Commission held that the proceeding before the Industrial Commission is not a civil action and does not partake of the nature of such action. The Commission said:

"When the injured employee, or his dependent in the event of his death, elects to take compensation, as in the claim now under consideration, the protection of the statute is thrown about him. The moment he files his proceedings with the Industrial Commission the state has a direct interest in the proceeding. It assumes jurisdiction and, unlike in a civil action in the courts, the claimant has not thereafter the right to settle or compromise his claim without the consent of the Commission. This is evidenced by the fact that after the amount of compensation has been determined by the Commission the employee himself cannot sue the employer in the event of his refusal to pay the same, but the action must be brought in the name of the state, by its chief legal representative, on behalf of the claimant. The situation in such an action, or in the proceeding outlined before the commission, is similar to that of one under some legal disability so far as his right to control, conduct or dismiss the proceeding is concerned. This shows the interest of the state in the matter and its complete acquisition of jurisdiction in the premises. The jurisdiction is continuous from the moment the application for compensation is filed by the claimant until the compensation is paid, and, hence, neither of the parties have

a right to interfere therewith by private arrangement. This authority of the state once invoked cannot be cast aside.

The theory of workmen's compensation is based largely upon the doctrine that society itself is vitally concerned in the prompt payment of compensation to injured and the dependents of killed employees. It is a matter relating to the promotion of the general welfare. * * * The Industrial Commission is the instrumentality through which the state acts and it is its duty not only to ascertain all of the facts and determine the amount of compensation to which a claimant is entitled but to pursue the matter to final judgment in the event the employer refuses to pay. In other words, the state, as the representative of society at large, steps in and takes charge. Such being the case it follows that the individual claimants not being solely interested cannot enter into a release which will be binding without the consent of the state through the action of the Industrial Commission."

The Illinois Industrial Commission has made a like ruling, holding that when a claim has once been made no settlement of it will be binding unless approved by the Industrial Commission. *McClellan v. Allith Prouty Co.*, Ill. Ind. Bd., Dec. 31st, 1914.

The California law is to the same effect as ours, making it necessary to file an agreement of settlement with the Commission and have it approved by that body. In *Mass. Bonding Co. v. Industrial Commission*, 168 Pac. 1050, the Supreme Court held that without such approval an agreement for settlement was void.

The statutes of the states mentioned are no stronger for the protection of the employee than is our own.

Section 70 of the Workmen's Compensation Act of 1915, after providing for the submission to the commission of disputes concerning compensation under the act, provides that:

"If the injured employee or his dependents, and the em-

ployer or his insurer reach an agreement in regard to compensation under this act, a memorandum of the agreement shall be filed with the commission, and, if approved by it, thereupon the memorandum for all purposes, shall be enforceable as are all the awards of the commission. All such agreements shall be approved by the commission. Such approval shall be given by the commission only, when the terms thereof conform to the provisions of this act."

Under this statute a settlement made on stipulation in court is no more effective without the approval of the commission than is any other settlement.

It is further urged by the commission, and with force, that the District Court's powers on an appeal are limited to those named in the statute. We have several times held that the findings of the Commission are binding unless set aside for one or more of the reasons named in the statute. The policy of the law, clearly disclosed in its provisions, is to give the District Court power to set aside the commission's orders only when made without jurisdiction, by the usurpation of power, or when procured by fraud, or when the findings of fact are not supported by the evidence.

It may well be that the employee's rights would be fully protected by the District Courts, but the lawmakers have seen fit to commit to the Industrial Commission that important duty. We have merely to apply the law as we find it.

We are, therefore, of the opinion that the award by the District Court, on the stipulation, violated not only the spirit but the express provision of the law.

It is accordingly ordered that the district court set aside the judgment and proceed with the cause as provided by the statute.

Judgment reversed.

Decision *en banc.*