[L. A. No. 7298. In Bank.—August 30, 1922.]

W. L. PRUITT, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—JOINDER OF DEFENDANT AT HEARING—PRESENCE AND CONDUCT—WAIVER OF NOTICE—JURISDICTION.— The Industrial Accident Commission has jurisdiction in a compensation proceeding to make an award against a party who was joined as a defendant at the hearing, without service upon him of a copy of the application with the notice of the time and place of the hearing thereof, where he had actual knowledge of the filing of the application, was present at the hearing and when made a party immediately became an actor in the proceeding by personally recalling and cross-examining the witnesses and submitting the matter for decision, and in all subsequent proceedings was represented by counsel, since his conduct amounted to a waiver of the requirements of section 17a of the Workmen's Compensation Act.

[2] ID.—WANT OF NOTICE OF PROCEEDING—RELIEF—PROCEDURE.—A party to a proceeding under the Workmen's Compensation Act who contends that no service was made upon him or who claims to be aggrieved by want of notice of the pendency of the proceeding, should apply to the commission for relief substantially in accordance with the provisions of section 473 of the Code of Civil Procedure.

[3] ID.—LIMITATION OF REHEARING—POWER OF COMMISSION.—Under subdivision e of section 64 of the Workmen's Compensation Act, the Industrial Accident Commission had the power upon granting a rehearing to a party who was made a defendant at the hearing to limit the rehearing to evidence offered by such party, where he was present at the original hearing, heard all of the evidence, cross-examined all the witnesses, testified himself and was fully apprised of the claim for compensation.

[4] ID.—DEATH OF TRUCK DRIVER—SERVICE OF THIRD PARTY—UN-WARRANTED AWARD AGAINST OWNER.—An award of compensation against the owner of a motor-truck for the death of the driver thereof while the truck and driver were under hire by a third party is unjustified, in the absence of evidence or finding that such owner exerted, or had the right to exert, the slightest degree of control over the driver in connection with his employment in the service of the third party.

[5] ID.—FINDINGS—REVIEW.—A finding of the Industrial Accident Commission in a compensation proceeding stands upon the same footing as the finding of a judge, or the verdict of a jury, and is not to be set aside if there is any substantial evidence upon which it can rest, but a review may be had on the theory that the commission had no jurisdiction to make a finding where there is no evidence to support it.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed in part; annulled in part.

The facts are stated in the opinion of the court.

Clock, McWhinney & Clock for Petitioner.

A. E. Graupner for Respondents.

WASTE, J.—Petitioner, W. L. Pruitt, seeks in this proceeding, on a writ of review, to have set aside and annulled an award of the Industrial Accident Commission, upon the ground that, as to him, the commission acted in excess of its powers and was without jurisdiction in the matter.

Two questions are presented for consideration. The first concerns the procedure followed in the hearing on the original application out of which the award arose. The second

---

4.   Construction and effect of workmen's compensation acts, generally, notes, L. R. A. 1916A, 23; L. R. A. 1917D, 89.

relates to the sufficiency of the evidence to support the finding of the commission in so far as it imposes a liability upon petitioner.

It appears from the record returned by the respondent that Luccille Conklin and Eunice G. Conklin, a minor, by her guardian *ad litem*, instituted a proceeding before the Industrial Accident Commission against Graham Brothers, a copartnership, and its insurance carrier, the United States Fidelity and Guaranty Company, for compensation for the death of Paul R. Conklin. Petitioner was not made a party defendant in such application. When the matter came on for hearing before the referee of the commission Pruitt was present as a witness. When considerable testimony had been taken it appeared to the referee that, by reason of his interest in the proceeding and his apparent relationship to the deceased employee, Conklin, Pruitt should be joined as a defendant in the proceeding, subject to the right of said Pruitt to request and have granted a further hearing, and an order to that effect was made. The referee thereupon inquired of Pruitt if he wished to have the hearing continued to a future date in order that he might make any preparation for further hearing. Pruitt stated that he was willing to proceed forthwith. He further stated that, having been present and having heard all of the testimony and proceedings thus far had, he would like to question the witnesses. The witnesses were thereupon recalled and were cross-examined by him. He also took the stand and testified. At the conclusion of the testimony, in answer to a question of the referee, Pruitt stated he was willing to submit the matter, which was done.

The commission thereafter made its findings and award, holding Pruitt liable for compensation as a joint employer with Graham Brothers, and awarded the applicants compensation in the sum of $5,000. In due time Pruitt applied for a rehearing before the commission and subsequently filed a supplemental petition, in which he set forth an outline of certain evidence which he desired to present in his own behalf. Upon this petition the commission granted a rehearing. When the matter came on again, Pruitt was present in person and was represented by an attorney. The record does not disclose that any objection was made by any of the parties to the proceeding. Although the peti-

tioner now contends that he demanded that he be furnished with a copy of the testimony taken at the previous hearing, the record does not bear him out in that behalf. Pruitt appears to have been permitted to present any and all the testimony he desired in support of his defense. A number of witnesses were called and examined by him. The matter was thereupon submitted without objection or protest from him. The commission made its decision after such rehearing, finding that the testimony produced thereon was not sufficient to change or modify the facts set forth in the findings made upon the first hearing. It accordingly affirmed the findings and award theretofore made.

[1] In seeking to have such award annulled the petitioner contends that the Industrial Accident Commission was without jurisdiction to make any award against him, for the reason, first, that no copy of the original application for compensation, with the notice of the time and place of the hearing thereof, was served upon him at the time he was joined as a defendant before the commission, or at any time. There is nothing in this contention. Petitioner had actual knowledge of the filing of the application, and was present at the original hearing. When made a party to the proceeding he immediately became an actor therein by personally recalling and cross-examining the witnesses who had testified in his presence and hearing, and submitting the matter for decision. In all subsequent proceedings he was represented by counsel. His conduct in the matter amounted to a waiver of the requirements of the act (sec. 17a) as to service and notice. It was substantially the same as that of one who appears in court proceedings under similar circumstances, and must be held to have had like effect. (*Massachusetts etc. Co.* v. *Industrial Acc. Com.,* 176 Cal. 488, 491, 492 [168 Pac. 1050].) [2] Furthermore, a party subsequently contending that no service was made upon him, or claiming to be aggrieved by want of notice of the pendency of the proceeding, should apply to the commission for relief substantially in accordance with the provisions of section 473 of the Code of Civil Procedure. (Workmen's Compensation Act, sec. 18b.)

[3] Petitioner next complains that no evidence, testimony or stipulations of any kind were introduced by or on behalf of the applicants for compensation upon the

rehearing; that the attorneys for petitioner objected to such procedure, but the referee proceeded to hear only the evidence introduced by the defendant Pruitt; that there was not at that time any evidence introduced establishing the applicants' claim against Pruitt, the contention being that Pruitt never at any time has had an opportunity to object to the stipulations which were previously offered in evidence, to cross-examine the witnesses on behalf of the applicants, nor to object to the testimony introduced against him, and that the final proceedings did not actually amount to a rehearing; that all that was done was to open the case as it stood in the first instance and allow Pruitt to offer additional matters that he had by way of defense. There is no merit in this contention. Pruitt having been present at the first hearing, at which he was made a party defendant, having heard all of the testimony, having in person cross-examined all the witnesses who were called at that time, and having himself testified, was fully apprised of the claim of the applicants for compensation. Upon the rehearing he proceeded without objection, was accorded every opportunity to offer such testimony as he desired, and to seek such stipulations as he or his counsel might feel would be material in presenting his defense. In seeking such rehearing he had set forth an outline of the new evidence he desired to present in his behalf. Under subdivision (e) of section 64 of the Workmen's Compensation Act the commission has very broad powers in the matter of rehearings. If it considers that the issues raised by an application for a rehearing have theretofore been adequately considered, it may determine the matter by confirming, without a rehearing, its previous findings. If a rehearing is deemed necessary to determine the issues raised, or any one or more of such issues, it may order a rehearing thereon and consider the matters raised by such application. If at the time of granting such rehearing it shall appear that no sufficient reason exists for taking further testimony, the commission may reconsider and redetermine the original cause without even setting a time and place for such further hearing. The case of *Carstens* v. *Pillsbury,* 172 Cal. 572 [158 Pac. 218], so urgently relied upon by the petitioner in support of his contention, is not in point. All the evidence in that case tending to show that Carstens was in any

way related to the matter in hand was taken before he had received any notice of the application. It was not repeated after he had received such notice, and no evidence indicating any relation whatever between him and the other parties to the proceeding, or to the applicant, was introduced after the notice was served upon him. Carstens never appeared, was never represented, and took no part in the proceedings. In the present case the petitioner was accorded ample opportunity to present his defense in opposition to the claim of the applicants.

[4] The commission found that the decedent, Conklin, was at the time of his injury in the joint employment of both the defendants, Pruitt and Graham Brothers, that both of the employers and employee were subject to the provisions of the Workmen's Compensation, Insurance and Safety Act, and that the defendant United States Fidelity & Guaranty Company was the insurance carrier for the defendant Graham Brothers. It accordingly made its award in favor of the applicants and against this petitioner, Pruitt, and the United States Fidelity & Guaranty Company, and each and either of them, in the total sum of $5,000, and medical expenses in the sum of $174.95. It ordered that Graham Brothers be released from all liability in the premises.

The finding and award of the commission, which can only be predicated upon an application of the theory of a general and a special employment of Conklin, is not controverted by the respondent insurance carrier of Graham Brothers. It does not dispute the liability of the partnership in the premises. The petitioner, Pruitt, is here alone contending that there was a want of sufficient evidence to sustain the finding that he was liable, and that, therefore, the award is, as to him, without support. This contention must be sustained. While it has been held that in some cases where, at the time of the accident, both the general and special employer exerted some measure of control over the injured employee, both should be held liable, and that under such circumstances an employee may look either to the general employer or to the special employer, or to both, for compensation for injuries due to occupational hazards (*Employers' Liability Assurance Corp.* v. *Industrial Acc. Com.*, 179 Cal. 432, 438, 439 [177 Pac. 273]), the facts

here under review do not bring the case within the application of the rule.

That Conklin's death was the result of injuries he received when the truck he was driving was struck by a train, while he was in the discharge of his duties and while acting within the scope of his employment, is not disputed. Graham Brothers, copartnership, was engaged in the general contracting business. For the purpose of hauling broken rock, gravel and sand the firm used a great many motor trucks which the partnership did not own. It was its custom to hire these trucks promiscuously, without being concerned as to who the owners might be, paying at the rate of three dollars per hour for their use, including the services of the driver. Robert Graham, a member of the copartnership, had general control of the operation of these trucks during working hours through a foreman, who gave orders as to when, where and how the materials were to be hauled and the trucks otherwise used. For some time Conklin, who appears to have had an interest in a truck, was employed by Graham Brothers at the rate of three dollars per hour for his own services and the use of the truck. About two weeks before the accident this arrangement was changed. Pruitt, who already had two trucks in the service of Graham Brothers, bought the truck Conklin was using, and thereupon notified Graham Brothers that Conklin was working for him. He arranged with Conklin, however, that Conklin should continue to use the truck in the service of Graham Brothers as before, and on the same terms. He agreed with Conklin "to give him twenty-five per cent of his wages—what he earned from Graham Brothers." If for any reason the truck was laid off, Conklin received nothing for the time he was idle. He was charged with the care of the truck, which he kept at his own home when it was not in use. Pruitt paid the bills for its upkeep, and for the oil and gasoline used in its operation. He agreed to pay Conklin the usual wages of a mechanic for his time when he made any repairs to the truck. Having made these agreements with Graham Brothers and Conklin, Pruitt did not thereafter give any orders, or directions, to either, and exerted no measure of control over the truck or its driver. On this evidence the commission correctly found that at

the time of the injury Conklin was operating the truck "in the service of Graham Brothers" under the above arrangement, and that "during all of said time said Paul R. Conklin was subject to the control and direction of said defendant Graham Brothers in the operation and movement of the truck." These findings support the claim for compensation against Graham Brothers, and justify the award against the United States Fidelity & Guaranty Company, its insurance carrier, but utterly fail to establish any liability on the part of Pruitt.

There is neither evidence nor finding to show that petitioner ever exerted, or had the right to exert, the slightest degree of control over Conklin in connection with his employment in the service of Graham Brothers. Yet to uphold an award against him it must so appear. (*Employers' Liability Assurance Corp.* v. *Industrial Acc. Com., supra; DeNoyer* v. *Cavanaugh,* 221 N. Y. 273, 275 [116 N. E. 992].) If it be contended that a further finding of the commission, that "at the time of said injury, the said Paul R. Conklin was in the joint employment of both the defendants W. L. Pruitt and Graham Brothers," should be construed to have that effect, there is no evidence in the record to support it. **[5]** Ordinarily, in cases such as this the reviewing court is bound by the decision of the triers of fact. The finding of the commission in such matters stands upon the same footing as the finding of a judge, or the verdict of a jury, and is not to be set aside if there is any substantial evidence upon which it can rest. (*Pigeon's Case,* 216 Mass. 51, 52 [102 N. E. 932, Ann. Cas. 1915A, 737]; *Massachusetts etc., Co.* v. *Industrial Acc. Com., supra.*) A review of the findings in such cases may be had, however, on the theory that the commission has no jurisdiction to make a finding where there is no evidence to support it. (*Dearborn* v. *Industrial Accident Commission,* 187 Cal. 591 [203 Pac. 112]; *Southern Pacific Co.* v. *Industrial Accident Commission,* 177 Cal. 378, 380 [170 Pac. 822].) The last-mentioned finding falls squarely within this category and may be disregarded.

The finding of facts made in this proceeding fails to support the award as to the petitioner, W. L. Pruitt. The award against the United States Fidelity & Guaranty Com-

pany is affirmed, and the award against W. L. Pruitt is annulled and set aside.

Shaw, C. J., Myers, J., *pro tem.*, Richards, J., *pro tem.*, and Lennon, J., concurred.