[Civ. No. 5089.   Second Appellate District, Division One.—July 7, 1925.]

## HARRY BERMAN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al. Respondents.

[1] WORKMEN'S COMPENSATION ACT — CAUSE OF DISABILITY OF EMPLOYEE—FINDING—EVIDENCE—CERTIORARI.—In this proceeding by an employee for compensation, the evidence was sufficient to support the finding of the Industrial Accident Commission that "the disability from which the employee was found to be suffering after the expiration of seven days from the date of said injury was caused by a disease or condition and not to any injury or injuries arising out of said employment, nor proximately caused by said employment."

(1) C. J., p. 115, n. 37, p. 123, n. 43, 45.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission denying compensation to employee. Award affirmed.

The facts are stated in the opinion of the court.

D. B. Maxell for Petitioner.

Warren H. Pillsbury for Respondents.

1. Conclusiveness of finding as to whether injury arose out of and in course of employment, notes, L. R. A. 1918F, 915; 30 A. L. R. 1277. See, also, 28 R. C. L. 827.

HOUSER, J.—From the petition of the applicant herein for a writ of review it appears that while acting in the course of his employment he suffered an injury in that he was overcome by carbon monoxide gas. For a period covering several months after he sustained the injury, petitioner suffered from some sort of illness, and the ultimate question submitted to the respondent Industrial Accident Commission was whether or not such illness was proximately caused by the injury of which petitioner complained.

The findings by the Commission regarding the matter were that: "The disability from which the employee was found to be suffering after the expiration of seven days from the date of said injury was caused by a disease or condition and not to any injury or injuries arising out of said employment, nor proximately caused by said employment."

[1] The only question which this court may decide in this proceeding is whether or not there was sufficient evidence to support such finding. (*Pruitt* v. *Industrial Accident Commission,* 189 Cal. 459 [209 Pac. 31]; *Walker* v. *Industrial Accident Commission,* 177 Cal. 737 [L. R. A. 1918F, 212, 171 Pac. 954]; *Roebling's Sons Co.* v. *Industrial Accident Commission,* 36 Cal. App. 10, [171 Pac. 987].)

At the hearing before the Commission two doctors expressed the opinion, in substance, that the illness of petitioner was directly traceable to the injury so received by him. In rebuttal thereof one physician filed his report with the Commission to the effect that he saw no relationship between the carbon monoxide poisoning and the major symptoms exhibited by the petitioner. The conclusion reached by a second medical expert was that the gas poisoning to which petitioner had been subjected had little or nothing to do with the illness from which he was suffering at the time the examination was made by said doctor; and from a report to the Commission made by a third doctor, who had been appointed by the Commission for the express purpose of making a special examination and report on petitioner's condition of health, it appears that, in his opinion, at the time his report was made there were "no present manifestations of the original injury; . . . no per cent of disability in relation to the original injury; no disability with reference to work in which the applicant was engaged when injured as

far as the original injury was concerned; no permanent disability.''

It is therefore clear that the evidence was sufficient to support the findings. As is said in the case of *Pruitt* v. *Industrial Accident Commission,* 189 Cal. 459, 466 [209 Pac. 31, 34]: ''The finding of the commission in such matters stands upon the same footing as the finding of a judge, or the verdict of a jury, and is not to be set aside if there is any substantial evidence upon which it can rest'' (citing cases).

The award of the Commission is affirmed.

Conrey, P. J., and Curtis, J., concurred.