[L. A. No. 10002. In Bank.—December 19, 1927.]

HARTFORD ACCIDENT & INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF CALIFORNIA, GEORGE ABRAM, by His Guardian, etc., et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—PERSONAL INJURIES—JOINT EMPLOYERS—LIABILITY.—Where a boy who was employed by a newspaper proprietor to deliver newspapers to certain subscribers, a list of whom was furnished to him, the method of accomplishing the delivery, the means of transportation and the particular route to be followed being left to his arrangement and discretion, but he being required to commence deliveries at a certain hour in the morning and to complete them as soon as possible, made arrangements with the driver of a milk truck delivering milk in the same general territory as the newspaper route to carry him and his newspapers, in return for which he assisted the driver in the delivery of milk, for which he received no reward as long as newspapers were undelivered, on school days he leaving the driver when his newspapers were delivered, but on Saturdays and Sundays after the papers were delivered he continuing to assist the driver to the end of the milk route, for which service

1. See 28 R. C. L. 796.

he was paid, under the circumstances, the boy is entitled to recover compensation for personal injuries sustained by him against the newspaper employer, where the injuries were received before the newspaper deliveries were completed, while he was reaching for a bottle of milk, his foot slipping and he falling under one of the wheels of the truck, the accident occurring on the milk route, but not on the newspaper route.

[2] Id.—Course of Employment.—An employee is in the course of his employment when he does those reasonable things which his contract with his employer expressly or impliedly permits him to do.

[3] Id.—Performance of Services.—It was not essential to support an award of compensation to the injured person, in such a case, that he should have been actually in the act of delivering a newspaper when injured; and it would have been entirely proper for the boy in such a case to have employed the truck driver for a cash consideration to haul him and his newspapers over the newspaper route, and the fact that the consideration was personal service in assisting the driver to deliver the milk cannot affect the principle applicable to the case.

[4] Id. — Decision of Industrial Accident Commission—Review.— The appellate courts will not annul an award of the Industrial Accident Commission for personal injuries where there is substantial evidence to support the commission's finding and order; and if the findings are supported by inferences which may fairly be drawn from the evidence, even though the evidence be susceptible of opposing inferences, the reviewing court will not disturb the award.

(1) Workmen's Compensation Acts, C. J., p. 80, n. 25.   (4) Workmen's Compensation Acts, C. J., p. 123, n. 43, 44.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission awarding compensation for injuries.   Award affirmed.

The facts are stated in the opinion of the court.

George L. Greer for Petitioner.

2.   See 27 Cal. Jur. 343.

4.   Review of facts under Workmen's Compensation Act, notes, Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647. See, also, 28 R. C. L. 828. Conclusiveness of findings as to whether injury was one "arising out of and in the course of" the employment, note, L. R. A. 1918F, 915.

G. C. Faulkner for Respondents.

Frank J. Creede for State Compensation Insurance Fund.

SHENK, J.—By this proceeding the petitioner seeks to annul an award made by the Industrial Accident Commission to George Abram in so far as said award applies to the owner of a daily newspaper, of which the petitioner is the insurance carrier. The relationship of employer and employee between the newspaper proprietor and Abram is admitted, but it is contended that at the time of the injury for which compensation was awarded the employee was not acting within the scope of his employment.

[1]   The facts in brief are as follows: George Abram, a minor, was employed by the newspaper proprietor to deliver its newspapers to certain subscribers, a list of whom was furnished to him. The method of accomplishing the delivery, the means of transportation and the particular route to be followed were left to the arrangement and discretion of Abram. He was, however, required to commence deliveries about 4:30 o'clock in the morning and to make deliveries to the subscribers as soon thereafter as possible. The driver of a milk truck, operated by a creamery company, traversed in a general way the same territory in the delivery of milk and cream as that covered by the newspaper route. The milk driver passed near young Abram's home about 4:30 in the morning. Abram made an arrangement with the driver of the milk truck to carry him and his newspapers over this general route. At times it was necessary to leave the milk route in order to deliver the papers, and at times it was also necessary to leave the newspaper route to make deliveries of milk. Along some portions of the route deliveries of both milk and newspapers were made at the same residence. In return for the transportation received by Abram he assisted the driver of the milk truck in the delivery of milk and cream. He received no other reward for his services so long as there were newspapers undelivered. On school days he left the driver when delivery of his newspapers was completed, which was usually about 7 o'clock, and returned home to have his breakfast and go to school. On Saturdays and Sundays, however, after his

papers were delivered, instead of leaving the driver he continued on with him and assisted him to the end of the milk route. For this service the driver paid him seventy-five cents in cash and furnished him with breakfast.

On the morning of Saturday, May 15, 1926, Abram started out with his newspapers and with the milk driver as usual. At about the hour of 7 o'clock, and before his newspaper deliveries had been completed, he was reaching for a bottle of milk when his foot slipped and he fell under one of the wheels of the truck and suffered the injury for which compensation was awarded. The accident occurred on Portia Street, which was on the milk route, but not on the newspaper route. The next and final paper to be delivered by Abram that day was to be left at a house on Quintero Street, about two blocks away from the scene of the accident. Abram testified that he intended to make that delivery when the milk truck should proceed on Sutherland Street, which was a block nearer to the Quintero address than the place where the accident occurred, and that if the accident had not happened he would have arrived at the last place of newspaper delivery in about five or ten minutes.

The Commission found that at the time of the injury Abram was "being conveyed in said delivery wagon in the joint course of both employments." The ratio of liability of the respective employers was then computed and the award made accordingly. We think the Commission was justified in its findings and conclusions as to both employers. As to the creamery company the award was not questioned. As to the newspaper proprietor the record shows that no restrictions were placed on Abram as to the method or means of transportation he might secure; that the method or means actually employed redounded to the benefit of the newspaper employer in that earlier deliveries were thereby brought about, and that the means thus employed were reasonable under all the circumstances shown. [2] "An employee is in the 'course of his employment' when he does those reasonable things which his contract with his employer expressly or impliedly permits him to do." (*State Compensation Ins. Fund* v. *Industrial Acc. Com.*, 194 Cal. 28, 33 [227. Pac. 168].)

Petitioner contends that the activities of Abram at the time of the injury did not have anything to do with his

employment to deliver newspapers; that the injury cannot be traced to any risk reasonably incident to that employment; that the act was for his own personal benefit, and that therefore the Commission exceeded its jurisdiction because, it is claimed, the injury did not arise out of and in the course of his employment with the newspaper proprietor. It is further urged that Abram had deviated from his employment to deliver newspapers, and that the deviation had not been completed at the time of the injury. With these contentions we cannot agree. [3] It is not essential to the support of an award of compensation that the injured person must actually have been "manipulating the tools of his calling"— in this case actually in the act of delivering a newspaper. (*Judson Mfg. Co.* v. *Industrial Acc. Com.*, 181 Cal. 300, 302 [184 Pac. 1].) It would have been entirely proper for Abram, under the evidence, to have employed the truck driver for a cash consideration to haul him and his newspapers over the newspaper route. The fact that the consideration was personal service in assisting the driver to deliver the milk cannot affect the principle applicable to the case. And this assistance was not complete unless it was afforded to the milk driver at points other than those where newspapers were to be delivered as well as those where both milk and newspapers were to be delivered. The newspaper route may well be, as it undoubtedly was by the Commission, considered as a unit. There was no deviation from the employment so long as the newspaper deliveries were not completed. Also, the service Abram was performing at the time of the injury was in furtherance of the contract made for the benefit of his newspaper employer and was incidental thereto. A case very similar to the present one and involving dual employment in the delivery of milk and newspapers was presented to the court in *Press Publishing Co.* v. *Industrial Acc. Com.*, 190 Cal. 114 [210 Pac. 820], and the award imposing joint liability on the employers was affirmed.

[4] It is, of course, well settled that this court will not annul an award of the Commission where there is substantial evidence to support the Commission's finding and order. (*Southern Pacific Co.* v. *Industrial Acc. Com.*, 177 Cal. 378 [170 Pac. 822]; *Western Ind. Co.* v. *Industrial Acc. Com.*, 182 Cal. 709 [190 Pac. 27]; *Dearborn* v. *Industrial Acc.*

*Com.,* 187 Cal. 594 [203 Pac. 112]; *Pruitt* v. *Industrial Acc. Com.,* 189 Cal. 459 [209 Pac. 31]; *Market St. Ry. Co.* v. *Industrial Acc. Com.,* 193 Cal. 178 [224 Pac. 95].) And if the findings are supported by inferences which may fairly be drawn from the evidence, even though the evidence be susceptible of opposing inferences, the reviewing court will not disturb the award. (*Western Pac. R. R. Co.* v. *Industrial Acc. Com.,* 193 Cal. 413 [224 Pac. 754], and cases cited at page 417.) Such we find the state of the record in this case to be.

It is deemed unnecessary to review the cases relied upon by petitioner, as we discover nothing therein which is opposed in principle to the determination here made on the record presented.

The award is affirmed.

Richards, J., Seawell, J., Waste, C. J., Curtis, J., Preston, J., and Langdon, J., concurred.