[S. F. No. 13926. In Bank.—January 8, 1931.]

ALBERT W. BRANDON, Guardian, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

A. Boyer for Petitioner.

Edward O. Allen for Respondents.

LANGDON, J.—Petitioner, as guardian *ad litem* of the minor dependents of James Lynd, deceased, seeks to review an order of the Industrial Accident Commission denying compensation for the death of said deceased.

James Lynd was employed as a miner by the Old Gold Mining Company at Bodie, California. He claimed to have suffered severe pain from lifting a heavy ore car about September 9, 1928. He continued to work, however, until September 11, 1928, when he attempted to pull a bell rope and collapsed. He was assisted to his home, where he was attended by a local doctor. The following day he was removed to a hospital under the care of another doctor. Subsequently he was taken to the University of California Hospital at San Francisco, where he died on December 15, 1928. The autopsy established the cause of death as peritonitis following a perforation of a duodenal ulcer. Although testimony was presented on behalf of petitioner that the deceased had never been sick, the deceased, himself, in the words of his doctor's report, "gave a previous history of hyperacidity of the stomach and upper abdominal indigestion". In addition to this, the autopsy of Dr. Reinhardt showed several other duodenal ulcers partially healed.

The sole question is whether the admitted cause of the death, namely, the perforation of a stomach ulcer, was a result of muscular exertion in the course of the employment of the deceased. The only significant evidence is that of the attending physicians and other medical experts, which evidence is in substantial conflict. The first attending physician was of the opinion that the cause of the ruptured ulcer was a severe muscular strain. He says in his report: "It rarely happens that such an ulcer will break except when the party is under some severe strain." The same doctor, however, originally diagnosed the injury incorrectly as a partial hernia. The other attending physician was of the same opinion as to the cause of the rupture, but he also, in a subsequent letter, raised the question "whether or not this whole matter may not be a diaphragmatic hernia". In support of the Commission's finding is the report of Dr. Newman, medical director of the State Compensation Insurance Fund, and the opinion of Dr. Boardman, who states: "Perforation is one of the regular occurring compli-

cations of peptic ulcers. . . . It may occur under all sorts of conditions, rest, activity, full stomach or empty stomach, etc.'' Dr. Harbaugh, after reviewing all of the evidence, concludes: ''I do not feel primarily, however, that the condition could be considered in the light of an industrial accident.''

It is obvious that the above evidence presents a question of fact upon which the finding of the Commisson is conclusive. That the perforation of the ulcer caused the death is not doubted; but whether this perforation occurred as a result of muscular strain or wholly apart from the deceased's occupation is purely a matter of expert opinion. No direct evidence on this point was available. Consequently the opinions of the two doctors who attended the patient have no special significance by reason of this fact, particularly in view of their erroneous diagnoses. The evidence permits the inference that the rupture was the normal result of . a continuous process of ulceration. The Commission weighed the various opinions and concluded that ''the evidence fails to establish that the death of James Lynd on December 13, 1928, was caused or exacerbated by injury arising out of and in the course of said employment''. Upon the record we can only accept this conclusion and affirm the order. (See *Walter* v. *Industrial Acc. Com.*, 209 Cal. 635 [289 Pac. 627]; *Bethlehem S. Corp.* v. *Industrial Acc. Com.*, 181 Cal. 500 [7 A. L. R. 1180, 185 Pac. 179].)

The order is affirmed.

Preston, J., Curtis, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.