Petitioner seeks the annulment of an award made by the Industrial Accident Commission in favor of Edna L. Burden, the widow of the deceased employee. *Page 444 
Petitioner is the insurance carrier for the General Machinery and Supply Company. The deceased was a salesman and had entered into separate contracts of employment with the above-named company and the William Powell Company. These two companies paid salaries to the deceased of $100 per month and $400 per month, respectively. Deceased made a trip to the southern part of the state and was killed while driving his automobile near Bakersfield. It is conceded that at the time of his death he was acting within the scope of his employment for both companies. The Commission so found and made its award in favor of Edna L. Burden "against the William Powell Company and Standard Accident Insurance Co., jointly and severally".
[1] Petitioner contends that the award is unreasonable and contrary to law. It is petitioner's claim that the award should have been apportioned in the ratio that the earnings received from each employer bore to deceased's total earnings from both employers. In our opinion this contention is without merit. It is conceded by petitioner that if the injury had occurred while the deceased was in the employ of both employers, but while the deceased was acting solely within the scope of the employment of petitioner's assured, an award against petitioner alone for the full death benefit based upon the total earnings from both employers would have been proper. (Western Metal Supply Co. v.Pillsbury, 172 Cal. 407 [Ann. Cas. 1917E, 360, 156 P. 491].) Should the applicant lose the right to an award against petitioner for the full death benefit by reason of the fact that the deceased was acting within the scope of his employment with both employers at the time of his death? We think not. Under these circumstances we are of the opinion that the applicant was entitled to proceed against one or the other or both and having proceeded against both, a joint and several award for the full death benefit based upon the total earnings was proper. We find no authority directly in point, but the views expressed find support in San Francisco-Oakland Terminal Rys. v. IndustrialAcc. Com., 180 Cal. 121 [179 P. 386]. Petitioner cites PressPublishing Co. v. Industrial Acc. Com., 190 Cal. 114
[210 P. 820], and Hartford Accident Indemnity Co. v. Industrial Acc.Com., 202 Cal. 688 [58 A.L.R. 1392, *Page 445 262 P. 309], in which cases the Commission apportioned the awards and said awards were affirmed. In neither of these cases, however, did the applicant seek to review the award and the Supreme Court did not pass upon the question of whether the award should have been apportioned or should have been a joint and several award for the full amount.
[2] Petitioner further contends that the Commission acted in excess of its power as it had no jurisdiction over the William Powell Company. Petitioner states that said company, which is a foreign corporation, did not appear before the Commission and that no service was had upon it other than notice by mail addressed to it in Cincinnati, Ohio. Assuming, without deciding, that the Commission never acquired jurisdiction over the William Powell Company and that the award as to that company might be annulled upon its application, we are nevertheless of the opinion that petitioner herein, as the insurance carrier for the other employer of the deceased, is not entitled to an annulment of the award upon that ground. As above indicated, the applicant was entitled to an award against petitioner for the full amount of the death benefit and petitioner may not complain because of the alleged failure to acquire jurisdiction over the other employer.
The award is affirmed.
Nourse, P.J., and Sturtevant, J., concurred.
A petition for a rehearing of this cause was denied by the District Court of Appeal on June 11, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 11, 1932. *Page 446