[Civ. No. 5838.  Third Appellate District.—June 23, 1937.]

LIMITED MUTUAL COMPENSATION INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION AND BLASS JUROVICH, Respondents.

Edmund D. Leonard for Petitioner.

Everett A. Corten for Respondents.

THOMPSON, J.—This is a petition on the part of Limited Mutual Compensation Insurance Company, the insurer of certain individuals who are conducting a mining enterprise under the fictitious name of Original Amador Gold Mines, against which a premium award of seventeen cents per week was apportioned and rendered in favor of the respondent, Blass Jurovich, on account of disability arising as a result of silicosis incurred in the course of his employment in certain mines, including the Original Amador Gold Mines. The same issues are raised in this proceeding which were de-

termined by this court in the opinion this day filed in the proceeding entitled *"Argonaut Mining Co., Ltd., a Corporation,* v. *Industrial Acc. Com. of the State of California and Blass Jurovich"* (*ante,* p. 492 [70 Pac. (2d) 216]).

This petitioner also contends that the commission was without jurisdiction in the last-mentioned proceeding to render an award against it for the reason that notice of the hearing of the claim for compensation was not served upon the Original Amador Gold Mines as required by section 17a of the Workmen's Compensation Act, and that the award which was rendered against that company therefore amounts to the taking of property without due process of law, contrary to the provisions of article XIV, section 1, of the Constitution of the United States, and of article I, section 13, of the Constitution of California.

The issues regarding liability for the disability of the respondent Blass Jurovich on account of silicosis which he incurred in the course of his employment in several mines, including the Original Amador Gold Mines, and the asserted bar of the statute of limitations, have been determined adversely to this petitioner in the opinion of this court above referred to, and those subjects will therefore not be discussed further.

There is no merit in the contention of the petitioner that it was not served with notice of the hearing on the claim for compensation. We are of the opinion the record shows that the Original Amador Gold Mines received notice of the hearing. Moreover, the service of notice of the hearing was waived, for the petitioner appeared at the hearing and filed an answer to the claim and was represented by counsel.

The application for compensation was filed April 27, 1936. The claim included among the defendants named as an employer, "Original Amador Mine Company of Amador City". The affidavit of service of notice of the hearing shows that on May 21, 1936, the notice entitled *"Blass Jurovich* v. *Argonaut Amador Mine Co., et al."* was actually mailed to it at Amador City, California. It will be observed that this notice was inadvertently mailed to *"Argonaut* Amador Mine Company" instead of to *"Original* Amador Gold Mines". But in answer to an inquiry from the State Compensation Insurance Fund regarding the claim in question, which was sent a few days later, that company replied:

"As requested in your letter of May 25, 1936, the following is the record of the time worked and wages earned by Blass Jurovich, who was in our employ from August 1, 1934, to and including October 1, 1934:

" . . .

"Yours very truly,
"Original Amador Gold Mines
"(Signed) Fred Wise, Superintendent"

At the hearing which occurred June 3, 1936, the following colloquy between the attorney, Mr. Keith, of the firm of Keith & Creede, and Mr. Filippi, Attorney for the State Compensation Insurance Fund, occurred:

"Mr. Keith: . . . I wish to file an answer pleading the statute and raising the statute as an affirmative defense on behalf *of all defendants.* Mr. Filippi (Attorney for State Compensation Insurance Fund): . . . I would like to file an answer at this time. . . . Mr. Keith: Then I will let it be filed on my behalf. . . . Mr. Filippi: That includes *all defendants* as specified. Referee: Just to complete the record so there is no doubt about it, let Mr. Keith appear for all defendants. . . . "

An answer in behalf of all defendants was accordingly filed. The commission's record of the hearing which took place on June 3, 1936, shows the following appearances:

"Applicant present in person and represented by A. J. Harder, Attorney at Law.

Defendant State Compensation Insurance Fund's Attorney, Frank J. Filippi.

*All defendants* represented by Keith & Creede, Attorneys at Law, G. S. Keith, appearing."

It thus appears that the Original Amador Gold Mines was actually represented at the hearing by the firm of Keith & Creede. Formal notice of the hearing was thereby waived. An award was made against this defendant. No objection to the hearing was made for lack of notice. No motion was made before the commission to set aside the award for lack of notice. This petitioner therefore waived any defect which may have existed in the service of notice of the hearing. (*Pruitt* v. *Industrial Acc. Com.,* 189 Cal. 459 [209 Pac. 31, 32].)

In the case last cited, regarding a similar contention of the invalidity of proceedings before the Industrial Accident

Commission, on the ground of a lack of notice of the hearing, the court said:

"In all subsequent proceedings he was represented by counsel. His conduct in the matter amounted to a waiver of the requirements of the act (sec. 17a) as to service and notice. It was substantially the same as that of one who appears in court proceedings under similar circumstances, and must be held to have had like effect. (*Massachusetts etc. Co.* v. *Industrial Acc. Com.*, 176 Cal. 488, 491, 492 [168 Pac. 1050].) Furthermore, a party subsequently contending that no service was made upon him, or claiming to be aggrieved by want of notice of the pendency of the proceeding, should apply to the commission for relief substantially in accordance with the provisions of section 473 of the Code of Civil Procedure. (Workmen's Compensation Act, sec. 18b.)"

The order and the award are affirmed.

Plummer, J., and Pullen, C. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 21, 1937.