[Civ. No. 12596.   Second Appellate District, Division Two.—July 11, 1940.]

LUCY M. MORRIS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Frank Desimone for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondents.

WOOD, Acting P. J.—While petitioner was employed in January or February, 1935, as an assistant matron in a hospital operated by the County of Los Angeles she was bitten on the right breast by an epileptic patient. She was attended by Dr. Margaret Godfrey, who was then the resident physician at the institution. Petitioner lost no time from her work because of the injury. She retired from her work on December 1, 1938, not through disability, and has been paid retirement pension since that date by the County of Los Angeles. In May, 1939, she noticed a lump on the breast which had been injured, and in August, 1939, her physician, John S. Simms, diagnosed her condition as cancer. She thereafter applied to the Industrial Accident Commission for an award, claiming that the cancerous condition of her breast had been caused by the injury she received in 1935 when she was bitten by the patient. The Commission filed findings that: "The malignancy of the right breast, of which applicant complains, and which forms the subject matter of this proceeding, was neither caused nor aggravated by said injury". Petitioner now seeks to annul the award, claiming that this finding is not supported by the evidence.

The evidence most favorable to petitioner is found in the statement of her physician, Dr. Simms, in which he says: "While the etiology of carcinoma is unknown, yet many authorities believe that a single trauma to the breast is a definite predisposing factor. Since this lesion developed at the site of the injury, I believe that this opinion applies to her case. . . . From our limited knowledge of the etiology of cancer I cannot state that the previous trauma was not a factor in its production". Dr. Godfrey wrote a letter from Australia, dated September 12, 1939, in which she stated: "I understand that she has developed a cancer of the right breast, and as any injury definitely predisposes to this condition this injury might well be the cause". Dr. W. H. Boyd, under date of November 18, 1939, made this statement: "Examination of Mrs. Lucy C. Morris on this date gives no indication of the cause of the formation of the carcinoma of the right breast which she says was removed. As to the probable cause of this growth I believe that our present knowledge

of the cause of carcinoma is at present so limited that we can not rule out trauma as a possible factor in its formation. The history of a trauma such as the patient gives is sufficient to have caused damage to the breast tissue and I am therefore inclined to believe that the trauma may have played a part in the formation of the carcinoma.'' The employer's physician Dr. C. K. Emery, under date of October 17, 1939, stated: ''There was no indication that the cancer of the breast had any direct connection with the injury received in 1935. The coincidence of an injury followed by cancer is striking but an inconclusive event in the causation of a cancer, where many factors are probably involved. In the present case I am unable to say that the circumstances relating to the injury have any direct bearing on the subsequent development of the cancer''.

The respondent Commission appointed Dr. O. N. Meland to examine the claimant and report to the Commission. In his report he stated: ''What relationship existed between the trauma and the occurrence of her cancer is problematic. From our present knowledge of cancer of the breast and its experimental production, *there has been no evidence put forward to show that a single trauma has ever been followed by cancer. . . . However, in this case, the time between the trauma and the occurrence of the tumor is so long that one cannot look upon it as a precipitating cause.* Although an element of doubt exists, and the possibility may still be present, *I do not believe that the injury was the causative or precipitating factor''.*

█ From the foregoing statements of the physicians it appears that the applicant's physician, Dr. Simms, is of the opinion that petitioner's present condition was caused by the injury she received in the course of her employment. On the other hand, the employer's physician, Dr. Emery, was ''unable to see that the circumstances relating to the injury have any direct bearing on the subsequent development of the cancer''. The physician appointed by the Commission was of the opinion that the injury received in the course of the employment was not a ''causative or precipitating factor''. Of the other two physicians, one thought that the injury ''might well be the cause'', and the other, while stating that it might be a possibility, could not commit himself to any

statement inferring that there was a relationship between the injury and the present condition of petitioner.

If there is substantial evidence to support the finding and order of the Commission this court may not substitute its views for those of the Commission and annul the award. (*Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 202 Cal. 688 [262 Pac. 309, 58 A. L. R. 1392].) Where as here the findings of the Commission are based upon the reports of medical experts which are in substantial conflict the court may not disturb the findings and conclusions of the Commission. (*Brandon* v. *Industrial Acc. Com.*, 211 Cal. 341 [294 Pac. 1064].) The report of Dr. Meland unquestionably presents a conflict in the evidence and furnishes sufficient support for the order of the Commission.

The award is affirmed.

McComb, J., concurred.