[Civ. No. 12702.   Second Appellate District, Division Two.—January 22, 1941.]

AMANDA ELEANOR WOLD, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Spencer C. Olin for Petitioner.

Everett A. Corten for Respondents.

WOOD, J.—While petitioner was employed on June 9, 1934, as a nurse in a hospital operated by the county of Los Angeles she became afflicted with poliomyelitis, an injury arising out of and in the course of her employment.   She was then 27 years of age.

Petitioner filed with the Industrial Accident Commission an application for adjustment of her claim against the county for compensation and on January 30, 1936, a hearing was had before the commission. On June 9, 1939, the commission filed its findings and award finding that petitioner had a 62 per cent permanent disability and awarding her compensation in the sum of $3,417.77 payable $13.78 per week; also reimbursement of $124.50 for dental care, and medical care for life. Petitioner was granted a rehearing on December 19, 1939, and on April 15, 1940, the commission filed its decision finding that petitioner had a 78 per cent permanent disability entitling her to $13.78 per week for 240 weeks and thereafter a life pension of $3.82 per week plus other advantages of the value of $10 a month, together with reimbursement of $124.50 for dental care, and medical care for life. Petitioner now seeks to annul the award, claiming that the findings are not supported by the evidence. She contends that the commission's finding that she is entitled to 78 per cent permanent disability is arbitrary and is not supported by the evidence and that the evidence adduced before the commission sufficiently establishes that she is entitled to 100 per cent permanent disability.

The determination of the question as to whether petitioner's injury is permanent is a question of fact to be ascertained from the evidence. The percentage of such disability is a matter to be determined by the commission in the exercise of its sound discretion, based upon a fair view of all the circumstances. Although the reports of some of the physicians bear out petitioner's contention that she is totally and permanently disabled the record discloses ample evidence to support the findings of the commission.

After a rehearing had been granted the commission appointed on February 16, 1939, two medical examiners to examine petitioner, Dr. Francis M. McKeever, an orthopedist, and Dr. John B. Doyle, a neurologist. Dr. McKeever reported, in part: "From an orthopedic viewpoint she is able to carry on some form of light work". Dr. Doyle stated in part: "There will be no permanent disability". On June 23, 1939, Dr. Doyle in a further report stated in part: "She is now capable of looking after herself". Dr. Eugene Ziskind on November 8, 1939, reported in part: "In view of the ab-

sence of organic findings, we can give no prognosis as to disability".

Dr. Paul E. McMaster and Dr. William T. Grant were appointed as medical examiners by the commission on February 7, 1940. In a report dated February 14, 1940, Dr. McMaster stated in part: "It is my opinion that this patient will show some improvement over a prolonged period of time so that she would be able to engage in some light work. I do not believe that this patient will have total permanent disability but will very likely, from an orthopedic standpoint, have some partial permanent disability in the form of muscular weakness". Dr. Grant in answer to a specific question reported as follows: "I do not feel that there is any permanent disability".

Although there is a substantial conflict in the opinions of the physicians as to the extent of the disability suffered by petitioner, there is little if any conflict in the fact petitioner is in need of permanent medical care, but this she has been given by the award of the commission.

If there is substantial evidence to support the finding and order of the commission this court may not substitute its views for those of the commission and annul the award. (*Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 202 Cal. 688 [262 Pac. 309, 58 A. L. R. 1392].) Where as here the findings of the commission are based upon the reports of medical experts which are in substantial conflict the court may not disturb the findings and conclusions of the commission. (*Brandon* v. *Industrial Acc. Com.*, 211 Cal. 341 [294 Pac. 1064].)

The award is affirmed.

Moore, P. J., and McComb, J., concurred.

Petitioner's petition for a hearing by the Supreme Court was denied March 20, 1941.