JOSEPH I. WALKER *& al. versus* DAVID T. CHASE.

same *versus* same.

When a fact has been once judicially tried and determined by a court of competent jurisdiction, the judgment thereon, so long as it remains unreversed, is conclusive upon the parties.

And, if the fact that a question has been once judicially determined can be shown by the record, the former judgment may be pleaded by way of *estoppel*, or given in evidence under the general issue.

But, if the fact cannot be shown by the record, it may be proved by evidence *aliunde.*

EXCEPTIONS from the ruling of KENT, J.

ASSUMPSIT for rent under a lease by the plaintiffs, as lessors, against the defendant, an alleged assignee of one Kilborn, who was the lessee.

The action was referred, by rule of Court, to J. H. Drummond, Esq., at the April term, 1864, who made his report to the October term, 1864.

The plaintiffs claimed rent for two quarters, due in 1863 and 1864, by virtue of a five years' lease of a certain mill from them to one Kilborn, dated Feb., 1860, for an alleged assignment thereof in Nov., 1860, to the defendant.

The defendant denied the assignment.

At the hearing before the referee, the plaintiffs, to establish the fact of the alleged assignment, introduced the record of a judgment of the S. J. Court, rendered April term, 1864, in a case between the same parties, for the quarter's rent which became due under said lease, April 1, 1861, and introduced parol evidence tending to show that the question of the alleged assignment had been presented to, and decided by the jury.

The referee found, as matter of fact, from said record and the evidence *aliunde,* that, in the former case, "the alleged assignment was put in issue at the trial, and that the jury found the lease had been assigned as claimed by the plaintiffs, and that, if the jury had not so found, their verdict must have been for the defendant."

The defendant, at said hearing, offered parol evidence tending to negative the assignment as alleged; but the referee refused to receive such evidence, ruling that *the finding of the fact of the assignment by the jury, in the former case, was conclusive on the parties in this case.*

The referee accordingly reported in favor of the plaintiffs, and that, if the above " ruling was not correct," the report, " by the agreement of the parties, is to be recommitted for a further hearing of the case."

The presiding Judge sustained the ruling of the referee, and the defendant excepted.

*S. C. Strout,* for the plaintiffs, contended, —

That, while special pleading was in use, an estoppel should appear of record; but now, it is the policy of the law that material facts once determined shall be regarded as conclusively settled between the parties and their privies. And, if the record does not show the grounds of the decision, they may be proved by parol. *Chase* v. *Walker,* 26 Maine, 557; *Rogers* v. *Libbey,* 35 Maine, 202; *Dunlap* v. *Glidden,* 34 Maine, 519, and cases there cited; *Young* v. *Black,*

7 Cranch, 565, and *Wood* v. *Jackson*, 8 Wend., 9. Also, *Outram* v. *Morewood*, 3 East, 346, 366 ; *Hancock* v. *Welch*, 15 Stark. R., 347 ; *Hopkins* v. *Lee*, 6 Wheat., 113 ; *Merriam* v. *Whittemore*, 5 Gray, 316 ; *Sawyer* v. *Woodbury*, 7 Gray, 499 ; *Jennison* v. *Springfield*, 13 Gray, 544 ; *Burlen* v. *Shannon*, 14 Gray, 433.

*Vinton & Dennett*, for defendant, cited —

*Dutton* v. *Woodman*, 9 Cush., 260 ; *Eastman* v. *Cooper*, 15 Pick., 276–280 ; *Parker* v. *Standish*, 3 Pick., 288, and 1 Greenl. on Ev., § 531, *et seq.*

WALTON, J. — The question is how far a fact once litigated can be again called in question between the same parties.

Litigation is an expense to the public as well as to the parties. In fact the expense to the public is often greater than it is to the parties. It is for the public good, therefore, that there be an end of litigation. *Expedit reipublicae ut sit finis litium.* And when a cause has been once fairly tried, it ought not to be tried over again, even if the parties are willing. Such a course would be unjust to other parties whose causes might be thereby delayed. As well might a man who has a right to draw water at a public fountain, when he has filled his pitcher, claim the right to upset it, and to keep others waiting till he had filled it over and over again.

The fact that a question has been once litigated can sometimes, but not always, be proved by the record. If the fact that a question has been once before litigated can be shown by the record of a court of competent jurisdiction, the former judgment may be pleaded by way of estoppel, or given in evidence under the general issue. Whichever course is adopted, the result will be the same. The parties will be precluded from again litigating the same question.

If the fact that the same question has been once before litigated cannot be shown by the record, the law is now well settled that it may be proved by evidence *aliunde*, and when

thus proved the result is still the same. In such case, the party sought to be affected by the previous litigation may contest the fact that the same question was then tried; but this fact being established, the result will be all the same, whatever the *manner* of establishing it may be. It is the *fact* that the same point has been once tried, and not the manner of proving it, that precludes the parties from again contesting it. The mode of proving it cannot affect the quality or legal effect of a fact.

We have been referred to several cases in Massachusetts, (3 Pick., 288, 15 Pick., 276, 9 Cush., 260,) in which there are *dicta* to the effect that the former adjudication is admissible in evidence, but is not conclusive in a second trial of the same question. But in no one of these cases was the question of the *effect* of the previous litigation directly before the Court for adjudication. In the first, (3 Pick., 288,) the Judge at *Nisi Prius* excluded the evidence, and the only question before the law court was whether it ought to have been admitted, and it was held that it was admissible, the Court at the same time remarking that it would not be conclusive. In the second, (15 Pick., 276,) the Court admitted the evidence, and the party against whose objection it was admitted, excepted. Here the only question to be determined was its admissibility. The excepting party could not, of course, object that sufficient effect was not given to it when he objected to its being received at all; and what was said about its effect was mere *obiter dicta*. In the third, (9 Cush., 260,) the former judgment was excluded at *Nisi Prius*, and the only question for the law court was its admissibility. In none of these cases was the *effect* of the former adjudication brought directly before the law court for determination.

But, in *Sawyer* v. *Woodbury*, 7 Gray, 499, the effect to be given to a former adjudication of the same question was directly before the Court, and was very carefully examined by Chief Justice SHAW. The former *dicta* of the Court, to the effect that the previous determination of a fact may be

given in evidence at a second trial of the same fact between the same parties, but is not conclusive upon them, are not overruled in terms, but are either in fact overruled, or so explained and limited in their meaning, as not to be in conflict with the view of the law we have hereinbefore expressed. "It is a principle," says Chief Justice SHAW, in the case just cited, "lying at the foundation of all well conducted jurisprudence, that when a right or a fact has been once judicially tried and determined by a Court of competant jurisdiction, the judgment thereon, so long as it remains unreversed, shall be conclusive upon the parties, and those in privity with them in law or estate."

And, again, in *Jennison* v. *Springfield*, 13 Gray, 544, the Court say :—"It is wholly immaterial to the question of the conclusiveness of a judgment, whether the issue between the parties was raised by the averments of the plaintiff or of the defendant. The real point is, was the fact in issue the subject of judicial controversy, relied upon either in the support or the defence of the action, and comprehended within the verdict at the former trial? If so, it is, by inference of law, *conclusively* settled between the parties by the judgment." See also, to the same effect, the opinion of the Court in *Burlen* v. *Shannon*, 14 Gray, 433. In fact no reason can be given why the effect to be given to the former litigation should be affected by the mode of proving it. The legal quality and effect of a fact must and ought to be the same, whatever the mode of proving it may be, provided the proof is legal and sufficient.

One of the facts in dispute between these parties is whether a lease of certain real estate was assigned to the defendant. The case shows that, in a previous suit between the same parties, this question was litigated and determined favorably for the plaintiffs. The defendant contends that inasmuch as the *record* of the former judgment does not show this question to have been litigated, and the fact is established by evidence *aliunde,* he is not precluded from again contesting it. As already stated, we hold the law to

be otherwise. The fact having been once tried and determined, principles of sound public policy, as well as justice to the plaintiff, preclude the defendant from again contesting it. *Exceptions overruled.*

APPLETON, C. J., KENT, BARROWS and DANFORTH, JJ., concurred.