PEOPLE'S SAVINGS BANK *vs.* FRANK M. HEATH.

Worcester.     October 2, 1899. — January 4, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Action to recover Money paid to satisfy Judgment unreversed — Agreed Facts.*

If a bank pays money to satisfy a judgment obtained against it by mistake as trustee of the principal defendant in a court of competent jurisdiction, in an action in which the bank was duly served with process, and appeared and voluntarily took such steps as made the judgment a necessary result of the proceedings, it cannot recover the money of the plaintiff in the original action so long as the judgment is unreversed.

That an action by a bank to recover money paid to satisfy an unreversed judgment is submitted on agreed facts, so that all objections to the form of action are waived, cannot authorize the court to disregard the effect of the former judgment.

CONTRACT, to recover money paid by the plaintiff bank upon a judgment against it. The case was submitted to the Superior

Court, and, after judgment for the defendant, by *Aiken,* J., to this court, on appeal, upon agreed facts, in substance as follows.

In December, 1893, the bank, summoned as trustee, in an action in favor of Heath against one Adolph Johnson, alias Adolph Johanson, in the Central District Court of Worcester, filed an answer disclosing its indebtedness " to said defendant as a depositor in the sum of one hundred and five and 65/100 dollars ($105.65), the deposit standing in name of Adolph Johnson"; and the bank supposed that its depositor and the principal defendant, of the same name, were one and the same person, it having no other depositor of that name. Heath recovered judgment against the principal defendant; the bank was charged as trustee and execution was issued against Johnson, and also against the bank as trustee, and the sum of $105.65 was paid by the bank to the officer serving the execution who made his return thereon showing the execution against the trustee satisfied. The said judgment of the District Court has never been reversed or annulled. After payment of the execution by the bank, its depositor, Adolph Johnson, having sought to draw his deposit, the bank then ascertained for the first time its mistake in fact in answering to the trustee writ that it was indebted to the principal defendant therein named as a depositor, and discovered that the principal defendant and its depositor, although having the same name, were different persons, and that at no time since the trustee writ was brought had it been indebted to the principal defendant therein named who was the debtor of Heath. Thereupon the bank paid its depositor the amount of his deposit, and subsequently demanded in writing repayment from Heath of the sum paid on the execution, but payment was refused.

*F. J. Barnard,* for the plaintiff.

*A. S. Pinkerton,* for the defendant.

BARKER, J. The savings bank paid its money to the present defendant to satisfy a judgment which he had obtained against the bank as trustee of the principal defendant in a court of competent jurisdiction, in a suit in which the bank was duly served with process, and appeared and voluntarily took such action as made the judgment a necessary result of the proceedings, and the judgment remains unreversed. Although it was obtained

when the bank was not in fact indebted to the principal defendant, and because the bank made its answer as trustee and submitted to be charged under the mistake of falsely supposing itself indebted to the principal defendant, the judgment until reversed was a valid obligation due from the bank. Therefore it was no legal injury for the judgment creditor to take the bank's property in satisfaction of the judgment, although it would not have been entered but for the mistake. *Engstrom* v. *Sherburne*, 137 Mass. 153. The mistake was not the direct cause of the payment of the money. The payment was made because the bank wished and intended to discharge a valid judgment obligation against itself. The mistake was some steps farther back, and while it would have been good ground for some seasonable and appropriate action to reverse the judgment, it does not give the bank the right to recover the money which it has paid to satisfy a valid judgment still unreversed. *Homer* v. *Fish*, 1 Pick. 435.   *M'Rae* v. *Mattoon*, 13 Pick. 53.   *Wilbur* v. *Sproat*, 2 Gray, 431.

That the present case was submitted on agreed facts, so that all objections to the form of action are waived, could not authorize the court to disregard the effect of the former judgment. A submission upon facts agreed is not a substitute for proper proceedings seasonably brought to reverse a judgment, and the decision of a question so raised must be upon the theory that the judgment is in force.

*Judgment for the defendant affirmed.*