[Civil No. 4652. Filed October 15, 1945.]

[162 Pac. (2d) 609.]

THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LTD., a Corporation, Appellant and Cross-Appellee, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, Appellee and Cross-Appellant.

Messrs. Fennemore, Craig, Allen & Bledsoe, and Mr. Floyd M. Stahl, for Appellant and Cross-Appellee.

Messrs. Moore, Romley & Roca, for Appellee and Cross-Appellant.

MORGAN, J.—This action involves the respective liabilities of the parties as insurance carriers under an award made by the Industrial Commission of Arizona, which was reviewed and affirmed by this court in *United States Fidelity & Guaranty Co.* v. *Industrial Commission et al.*, 42 Ariz. 422, 26 Pac. (2d) 1012. Appellee and cross-appellant instituted the action in the case below for subrogation and contribution against appellant and cross-appellee. The parties will be re-

ferred to as plaintiff and defendant. An appreciation of the issues involved requires a reference to the facts.

On May 5, 1931, The Texas Company, a California corporation, entered into a written commission agency agreement with one I. P. Frazier, constituting Frazier as its agent at Miami, Arizona, in charge of its service station and business there. This contract provided that the agent, "at his expense, furnish all assistants and employes he may require for the proper and diligent operation of said station, and assume full direction and control over and responsibility for all such assistants and employes, and indemnify and save the Company harmless from loss arising out of or by virtue of all damage to property and/or injury to persons (whether or not such injury result in death) occasioned by the acts of the Agent, his assistants and/or employes."

Prior to this date the plaintiff had issued to The Texas Company a workmen's compensation insurance policy. Pursuant to the provisions of the agency agreement, Frazier, on or about May 5, purchased from the defendant a workmen's compensation insurance policy in the usual form. The agreement and the policies mentioned, through extensions, were in effect on September 16, 1932, when one Ralph W. Hawes, an employee working at the service station, was killed in an accident, leaving surviving dependents. Frazier was also killed in the same accident. The widow of Hawes applied to the Industrial Commission of Arizona for compensation against the estate of Frazier and his insurance carrier, the defendant. The defendant, on November 28, 1932, paid back to the administratrix of the estate of Frazier the premiums which he had paid on the policies, with notice of rescission reciting that the policies were issued upon a mistake of fact and law, and under the belief that Frazier was an independent employer liable for the compensation of persons employed at the

service station. These premiums were accepted by the administratrix. The plaintiff received no premiums on account of the employment of, or salary paid to, Hawes, as The Texas Company did not consider him as its employee.

The commission made an award against the Frazier estate and defendant as Frazier's insurance carrier. On motion for rehearing by defendant, alleging and setting forth that The Texas Company and not Frazier was the employer of the deceased, The Texas Company and its insurance carrier, the plaintiff, were made parties to the proceedings before the Industrial Commission. That body found both Frazier and The Texas Company to be employers of the deceased Hawes, and entered its award against plaintiff as insurance carrier for The Texas Company, and defendant as insurance carrier for Frazier. Plaintiff appealed the award to this court, no appeal being made by the defendant. In United States Fidelity & Guaranty Co. v. Industrial Commission, *supra,* the award against The Texas Company and plaintiff was affirmed upon the ground that Frazier was not an independent contractor. The defendant filed cross-assignments of error and briefs, claiming that the award was erroneous in holding it liable with the plaintiff, but we held that since no appeal had been taken by defendant, its contentions could not be considered, and the award as entered against it was also affirmed. Following the affirmance of the award, plaintiff paid the amounts as provided therein to the dependents of Hawes to the date of the trial of the present action.

Plaintiff commenced this action on April 4, 1934, on two counts, the first cause being for subrogation for the full amount paid on the award, and requiring defendant to make all future accruing payments. In its second cause of action, it sued for contribution for one-half of what had been paid, and that defendant be re-

quired to contribute equally towards all future accruing payments to be made under the award.

On April 24, 1942, a similar amended complaint was filed in two counts for subrogation and for contribution covering all amounts paid or to be paid. The trial court entered judgment in favor of defendant on plaintiff's subrogation cause and in favor of plaintiff on the contribution cause. The judgment covered one-half of all amounts paid by plaintiff to date of trial, with interest on payments to date of judgment. It also provided that plaintiff recover of defendant one-half of all payments made or to be made by it on the award subsequent to the date of trial. Defendant's motion for new trial was denied. It appealed from the judgment for contribution and from the order denying motion for new trial. Plaintiff appealed from that portion of the judgment denying subrogation.

Two principal questions are raised by the appeal, which may be paraphrased as follows:

1. Defendant seeks to reverse the judgment on the ground that since contribution is an equitable remedy and available only when the parties are in equal right and rest under a common burden which in equity and good conscience should be shared between them, it is not available to plaintiff because the equities of defendant are superior to those of plaintiff. The award which operated equally against plaintiff and defendant will not justify a judgment for contribution in favor of plaintiff as the defendant's equities are superior;

2. Plaintiff, in support of its cross-appeal, takes the position that The Texas Company, Frazier and the defendant interpreted the commission agency agreement and the relation between The Texas Company and Frazier to require the latter to hold The Texas Company harmless against the payment of loss arising out of the injury or death of his immediate employee

Hawes, and that defendant, Hawes' insurance carrier, is primarily liable and should be required to pay the total cost of compensation.

Other claims of error advanced by defendant will be adverted to later.

 That contribution is an equitable remedy and is available only when the parties are in *aequali jure* is unquestioned. It seems to be the settled doctrine that where two or more persons are obliged to bear a common burden which should be borne with equality, one should not be required to bear a greater burden than the other. In such cases, the law requires equality, and the rule is that equality is equity. 18 C. J. S. 3, Contribution, § 2; 13 Am. Jur. 6, sec. 3, Contribution. Nor does the right to sue for contribution depend upon a prior determination that the defendant is liable. Liability is a matter to be decided in a suit for contribution. The plaintiff, however, must prove that there was a common burden or debt, and that as between himself and the defendant he has paid more than his share of the obligation common to both. The defendant may, in such action, set up such defenses as are available to him to show that under the rule of equality he is not liable. *Phillips-Jones Corp.* v. *Parmley,* 302 U. S. 233, 58 Sup. Ct. 197, 82 L. Ed. 221; *Consolidated Coach Corp.* v. *Burge,* 245 Ky. 631, 54 S. W. (2d) 16, 85 A. L. R. 1086.

 Even though there is a joint judgment against several persons, which has been paid by one, the payor may not recover against another with whom he was not in equal right. *King* v. *Price,* 212 Ala. 344, 102 So. 702; Note, 101 A. L. R. 116. But this general rule is subject to an exception. The rule does not apply if, in the action in which judgment entered against codefendants, they occupy the position of adversaries and the issue of their respective liabilities has been determined. In such case, the judgment becomes *res ju-*

*dicata* as between the parties. The rule pertaining to this exception is stated in 30 Am. Jur. 968, sec. 234, Judgments:

" . . . It is clear that the general rule does not apply where, in the course of the litigation, coplaintiffs or codefendants do in fact, although not in form, occupy the attitude of adversaries, and contest an issue with each other, either upon the pleadings between themselves and the other party, or upon cross pleadings between themselves, so that a judgment conclusively determines, as between coparties, issues which are raised and determined between them in the original action. In this connection, it has been declared that the character of a party, as adverse or otherwise as regards the doctrine of *res judicata,* is to be determined not by his position upon the docket, or in the title of the cause, but by reference to his relations to the other parties, as shown by his interests involved in the case."

The text is supported by numerous decisions, to some of which we now refer. In *Wright* v. *Schick,* 134 Ohio St. 193, 16 N. E. (2d) 321, 121 A. L. R. 882, it appeared that Schick and his insurance carrier had been sued in an independent action to recover for a judgment against the former. The insurance company in that action had pleaded nonliability on the ground that the policy was not in force when the injuries occurred to the plaintiff. The court found that the policy was in force and judgment was entered. In the cited action, a companion case against Schick and his insurance carrier, the court held that the former judgment was *res judicata,* inasmuch as Schick and the insurance company were, in effect, adversaries in the first action, one claiming that the insurance policy was not in force and the other that it was. We quote from the opinion:

"It is universally recognized that former judgment, in order to be *res judicata* in a subsequent action, must have been rendered in an action in which the parties to the subsequent action were adverse parties. The character of a party, as adverse or otherwise, is to be de-

termined not by his position upon the docket, or in the title of the cause, but by reference to his relations to the other parties, as shown by his interests involved in the case. *Allen* v. *Miller,* 11 Ohio St. 374, 378.

"Therefore, *res judicata* or estoppel by judgment may arise as between codefendants if they represented adverse interests in a former proceeding as to an issue and such issue was in fact litigated. (Citing cases.)

"When a former judgment is raised as a bar in a later action, it is not essential that there be a complete identity as to all the parties in both proceedings; it is only necessary that the persons between whom the judgment is to operate as *res judicata* should be the same. (Citing cases)."

The court then calls attention to the fact that in the first action, referred to as the Althea Wright case, Schick and the company were plainly adversaries on the vital point as to the existence of the policy of insurance. In the second action, known as the Bertie Wright case, Schick and the insurance company stood in the same position:

"Putting it a little differently, the judgment in favor of Althea Wright against the insurance company rested wholly on the finding that the liability insurance policy issued to Schick was in force at the time she was injured. The verdict and judgment in that case established the fact, as between Schick and the insurance company, adverse parties, that Schick was insured. A judgment based upon the existence or non-existence of a fact is conclusive whenever the existence of such fact becomes a matter in issue between the same parties in a later proceeding. This rule applies to the Bertie Wright case, in which Schick and the insurance company were once more arrayed as adversaries as to the identical issue. The principle works here to the advantage of Bertie Wright's administrator, as it did to the advantage of Gordon in the case of *Ohio Casualty Ins. Co.* v. *Gordon, supra* (10 Cir., 95 Fed. (2d) 605).

"If, in the Althea Wright case, it had been determined that the insurance policy was not in effect, it cannot be doubted that Schick would have been defeated by the plea of *res judicata* or estoppel in any at-

tempt he might have made to recover under the policy from the insurance company for indemnification against the judgments secured in the original tort actions. The rule of mutuality is fully operative as between Schick, to whom the policy of insurance was issued primarily for his protection, and the insurer.''

■ Nor does it matter that the parties in the former controversy were not in form placed in adversary positions. If they were proper parties in the former cause and the questions raised in the later cause between them were or could have been fully asserted and maintained in the former suit, the former judgment is *res judicata,* and the issues may not again be relitigated. *City of El Reno* v. *Cleveland-Trinidad Pav. Co.,* 25 Okl. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650, note page 651. A judgment under such circumstances conclusively determines as between the coparties, coplaintiffs or codefendants, issues which are raised and determined between them in the original action. *Louis* v. *Trustees of Brown Tp.,* 109 U. S. 162, 3 Sup. Ct. 92, 27 L. Ed. 892.

The supreme court of the United States, in *Chicago, R. I. & P. R. Co.* v. *Schendel,* 270 U. S. 611, 46 Sup. Ct. 420, 422, 70 L. Ed. 757, 53 A. L. R. 1265, clearly indicates that the test whether a judgment is *res judicata* is to be determined not by the position of the parties in the case but by reference to their relations to the other parties and their interests involved in the case, in the following words:

'' . . . It is elementary, of course, that, in any judicial proceeding, the arrangement of the parties on the record, so long as they are adverse, or the fact that the party against whom the estoppel is pleaded was an objecting party, is of no consequence. A judgment is as binding upon an unwilling defendant as it is upon a willing plaintiff. . . . ''

Reduced to the barest essentials, the respective claims of the parties in the present appeal may be

stated as follows: The defendant's position is that the plaintiff is wholly responsible for the payment of the award, and the plaintiff, on the other hand, maintains that the defendant is alone responsible.

These were exactly the same issues and claims which were presented to The Industrial Commission, and which came before this court in the former case, *United States Fidelity & Guaranty Co.* v. *Industrial Commission, supra.* We quote from the opinion (42 Ariz. at page 426, 26 Pac. (2d) at page 1014):

" . . . At the hearing before us the position taken by the parties was triangular, the claimants insisting that the company and the petitioner were jointly and severally responsible and the company and petitioner each urging that the other was solely liable.

"The only question, therefore, before us is as to who should pay the award. . . . "

It will be noted from the above that this is precisely the question that comes before us again. In the case referred to, we pointed out that the Industrial Commission, in making an award, acts in a judicial capacity, and that its findings are, in effect similar to the findings of the court or verdict of a trial jury. We further stated that proceedings on *certiorari* from an award of the Industrial Commission are, in substance, an appeal and should be governed ordinarily by the same principles as appeals from the superior courts. We called attention to the fact that where a judgment is rendered against two or more defendants, and one does not appeal, the nonappealing defendant is not entitled to the benefit of a reversal, and that the Ocean Accident and Guarantee Corp., the defendant here, was not in a position to question the justice of the award of the commission against it, and that the award must be sustained. We then discussed the liability of the plaintiff, the insurer for The Texas Company, and held that inasmuch as Frazier was not an independent employer The Texas Company was liable as an employer.

Following this, the award or judgment of the Industrial Commission was affirmed as against both the plaintiff and defendant in this action.

It must be borne in mind that the Industrial Commission, which was the proper tribunal to try the facts, found the principals of both the plaintiff and the defendant to be employers of the deceased Hawes. As we have seen, this finding and award of the commission based thereon was approved by this court on appeal. If, as the commission found, and this court by its affirmance of the award confirmed, the principals of these two insurance carriers were employers, then both were primarily liable for the payment of the award. In the opinion referred to, we called attention to the fact that The Texas Company, as the statutory employer, was primarily liable, and then concluded with the following, (42 Ariz. at page 435, 26 Pac. (2d) at page 1017) :

" . . . It follows that the award against the petitioner (plaintiff here) was correct, and, since the Ocean Accident and Guaranty Company, Limited, has not seen fit to bring before us in the proper manner the question of whether the award against it was also a legal and proper one, the award of the Industrial Commission is affirmed."

 Obviously, therefore, since the commission's award is based on the finding that Frazier was also an employer, the award fixes the liability of his insurance carrier as primary. Where two or more persons are employers of the same employee engaged, as here, for the common benefit of both, and so found and determined by the proper tribunal, their liability is joint and common. *Frederick A. Stresenreuter, Inc.,* v. *Industrial Comm.,* 322 Ill. 187, 152 N. E. 548; *Sargent* v. *A. B. Knowlson Co.,* 224 Mich. 686, 195 N. W. 810, 30 A. L. R. 993; *Standard Acc. Ins. Co.* v. *Industrial Acc. Comm.,* 123 Cal. App. 443, 11 Pac. (2d) 401; 71 C. J. 401, § 137, Workmen's Compensation Acts. The liability of one employer is not secondary to the other. Both are pri-

marily liable. It follows that since the whole matter has already been determined in an action where the parties here appeared adversely, they are bound by the judgment. By virtue of the award, they are, under the law, in *aequali jure*. Equity follows the law, and the actual respective equities of the parties become immaterial. The wisdom of the commission in making the award and of this court in affirming it may not be successfully challenged by the parties to the proceeding. Nothwithstanding the apparent willingness of the parties to relitigate questions already decided, this does not authorize us to disregard the effect of the former judgment. *People's Sav. Bank* v. *Heath,* 175 Mass. 131, 55 N. E. 807, 78 Am. St. Rep. 481; *Raisig* v. *Graf,* 17 Pa. Super. 509; *Walker* v. *Chase,* 53 Me. 258. The award was pleaded and is before us, as is also the decision of this court on appeal. The plaintiff having paid all of the award to the date of the action is entitled to contribution but not to subrogation.

This conclusion makes it unnecessary to pass upon the evidential questions which were raised by the defendant. The testimony objected to could have had no effect one way or the other on the judgment of the lower court.

 There would seem to be little merit in the claim of defendant that recovery for some of the payments made by plaintiff are barred by the statute of limitations. The original complaint was filed at a time when none of the payments made by plaintiff were barred by the statute, and the relief prayed for was for one-half of the payments made to that date, and that the defendant be required to contribute equally for all payments it might be required to make after the filing of the complaint, and that the decree be kept open for the enforcement of the contribution.

It is true that the statute of limitations applies to each payment as made by the plaintiff, but, on the other

hand, plaintiff's original complaint in effect constituted a continuing claim for contribution. It comprehended and included not only payments made by plaintiff prior to filing but those made thereafter, so long as it stood. The amended complaint was in no sense a departure from the original complaint. It merely clarified and amplified the cause and brought all matters up to date. It relates back to the filing of the original complaint and does not constitute a new cause of action. *Mitchell* v. *Vulture Min. & Milling Co.*, 47 Ariz. 249, 55 Pac. (2d) 636; *Daniel* v. *City of Tucson*, 52 Ariz. 142, 79 Pac. (2d) 516, 117 A. L. R. 1211.

The judgment as entered is in all respects affirmed.

STANFORD, C. J., and LaPRADE, J., concur.