LIBERTY MUTUAL INSURANCE COMPANY v. J. R. CLARK COMPANY.[1]

July 3, 1953.

No. 35,859.

---

[1]Reported in 59 N. W. (2d) 899.

512

*Freeman, Larson & Peterson* and *Harry H. Peterson,* for appellant.

*Robb, Robb & Van Eps,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action over against defendant for breach of warranties in the sale of a stepladder manufactured by it and prior to August 1943 sold to Central Hardware Company of St. Louis, Missouri, which, in turn, sold it to one Ferdinand F. Kayser on August 3, 1943.

On September 4, 1946, Kayser instituted an action against Central Hardware in the circuit court of the city of St. Louis, Missouri, for injuries sustained as a result of the ladder's collapse while he was using it September 17, 1944. On September 4, 1946, Central Hardware notified defendant of the commencement of that action and demanded that it take over the defense thereof. This defendant refused to do.

On December 12, 1947, the jury in the Missouri court returned a verdict against Central Hardware in Kayser's favor in the sum of $5,000. Central Hardware thereupon demanded that defendant pay and discharge the verdict. This was refused, and the verdict then paid by Central Hardware. Plaintiff, Liberty Mutual Insurance Company, as insurer of Central Hardware thereupon reimbursed the latter for the amount of the verdict and expenses incurred in defense of the action and as subrogee of Central Hardware insti-

tuted these proceedings against defendant to recover the sums thus paid.

The records of the Kayser action in Missouri, submitted in evidence in the present proceedings, establish that it was based upon Central Hardware's alleged breach of express warranties to Kayser at the time of the sale that the ladder was safe, strong, and durable; made of sound, selected, and thoroughly seasoned lumber; of good workmanship; and of sufficient strength to sustain Kayser's weight.

In the Missouri action, the trial court instructed the jury that:

"* * * if you * * * find * * * that defendant represented and warranted to plaintiff that such ladder was fit and suitable for the purpose for which plaintiff intended to use same, and that it was constructed from a good and sound quality of lumber and of sufficient strength to sustain the weight of plaintiff's person in the course of normal and reasonable use thereof; and if you further find that plaintiff relied upon such representations * * * and * * * that while plaintiff was upon said ladder and while he was using the same in a normal and reasonable manner and for the purpose intended, * * * said ladder broke under the weight of plaintiff's person * * *; and * * * said ladder was not of sufficient strength to sustain the weight of plaintiff's person in the normal and reasonable use thereof and that it was not constructed from a good and sound quality of lumber and that it was not fit and suitable for the purpose which plaintiff intended to use the same; and * * * that plaintiff's injuries * * * directly resulted from said conditions, * * * and that plaintiff was at all times in the exercise of ordinary care for his own safety, then your verdict should be in favor of the plaintiff * * *."

In the present proceedings, the complaint set forth an action based upon the "negligent" breach of warranties identical to those involved in the Missouri proceedings. It alleged in detail the facts with reference to the action in Missouri, the demand that defendant take over its defense and the latter's refusal, the results thereof, and the subsequent demand that defendant satisfy the verdict or judgment therein and its refusal in this respect also.

Defendant answered, admitting the manufacture of the ladder and the sale to Central Hardware under the warranties described. It further admitted its refusal to take over the defense of the Missouri action after tender thereof and to pay the verdict rendered therein. It denied a breach of its warranties to Central Hardware and affirmatively alleged that, if the ladder were defective at the time of its sale to Central Hardware, its sale by the latter without an inspection revealing such defects constituted the sole negligence bringing about the injuries sustained by Kayser.

At the trial plaintiff's counsel stated: "* * * this case is not based upon negligence as to this defendant. It's based upon a definite warranty, and the question of inspection * * * on the part of the manufacturer is not a defense, * * *."

In establishing its prima facie case here, plaintiff submitted in evidence the record of the proceedings in the Missouri action, including the pleadings, the court's charge to the jury, and the verdict returned. It established Central Hardware's payment of this verdict, plus the costs and expenses in defending the action, and its reimbursement of Central Hardware therefor with resulting subrogation to the latter's claims in the present action.

In addition, plaintiff submitted evidence identifying defendant as the manufacturer of the ladder and establishing the sale thereof by defendant to Central Hardware under the identical warranties involved in the Missouri proceedings as to quality, design, strength, durability, workmanship, and kind of lumber used. It then presented evidence showing defects in the lumber together with the testimony of an expert that such defects were the cause of the subsequent breakage of the ladder.

Defendant conceded that the ladder was sold with warranties identical to those involved in the Missouri proceedings and that it had been notified of the institution of the action in Missouri and had declined a tender of the defense thereof. It submitted evidence that all lumber used by it in the manufacture of its ladders, including that sold to Central Hardware, was of the finest quality

and carefully selected and that the design of the ladder and workmanship in its construction were not defective in any respect.

An expert employed by defendant testified that after the accident he had examined the ladder here in issue and, based thereon, expressed the opinion that its collapse had been caused, not by any defect in the wood or workmanship used in its manufacture, but rather because of a sharp blow thereto which had caused the wood to break or fracture. He further testified that upon his examination of the ladder he also had discovered that someone had twisted it "out of line." On cross-examination it was disclosed that this witness had testified for defendant in the Missouri proceedings. An offer of proof was made and rejected to show that in his testimony in the Missouri proceedings he had expressed this same opinion as to the cause of the ladder's collapse.

At the close of the testimony, the case was not submitted on the issue of negligence but, as the court stated, "On warranty, breach of warranty." In the charge to the jury the court instructed that:

"Plaintiff claims that the particular ladder * * * was warranted by the defendant company, and that by reason of defects which were found in the ladder there is a breach of this warranty which resulted in injury with a consequent loss * * *.

*     *     *     *     *

"* * * that they relied upon the representations and descriptions of the warranty of the defendant with respect to the ladder.

"* * * that the ladder in question was not as represented and warranted by the defendant, but that it had been carelessly and negligently manufactured, * * * that they used unsuitable lumber, that there were knots and other imperfections and defects in the lumber used in the manufacture of the ladder, * * *.

"* * * that * * * injuries sustained by Mr. Kayser were the direct and proximate result of the careless and negligent conduct of the defendant in the manufacture of the ladder, and the unsuitable materials used in connection therewith.

"* * * that by reason of this that there was a breach of the warranty of the defendant, the manufacturer of the ladder.

*     *     *     *     *

"If you find from the evidence in this case that there was such express warranty and that there was a breach thereof from which the claimed loss directly * * * resulted * * *, plaintiff would be entitled to recover * * *."

The jury returned a verdict for defendant. Plaintiff then moved for judgment notwithstanding the verdict or for a new trial on the grounds that the court's charge was inconsistent in holding that defendant was bound by the Missouri judgment as to the amount and at the same time permitting the jury to speculate as to the basis of the judgment and that the court erred in charging the jury that it might determine as a question of fact whether the injuries sustained by Kayser were the result of a defect in the ladder. The motion for judgment was granted and an appeal taken by defendant from the judgment subsequently entered pursuant thereto.

It is defendant's contention that the verdict or judgment in the Missouri proceedings was not *res judicata* as to the issues in the present action; that, since the issues as to breach of warranties and negligence were litigated here by consent of counsel, the effect of the verdict or judgment in the Missouri proceedings was waived and otherwise immaterial; and that the evidence submitted on the issues of negligence and breach of warranties on the part of defendant was sufficient to support the jury's finding that defendant had violated neither an express or implied warranty in the sale of the ladder to Central Hardware. Defendant further contends that no judgment was entered in the Missouri proceedings and that the verdict alone on the issue of breach of warranties was not binding in subsequent litigation. It further contends that the trial court erred in receiving in evidence the record of the proceedings in the Missouri action without sufficient foundation or authentication thereof.

Plaintiff contends that the verdict or judgment in the Missouri action rendered the issue of defendant's breach of warranties *res judicata;* that it was only necessary in the present proceedings to show that the same warranties involved in the Missouri action were

made by defendant in the sale of the ladder to Central Hardware; and that the evidence conclusively established this.

■ Where personal property is purchased for resale and subsequently resold by the purchaser with warranties identical to those given him by his seller, damages recovered against the purchaser by the subpurchaser for breach of the warranties may in turn be recovered by such purchaser from the original seller, provided the damages sustained reasonably may have been expected to follow a breach of such warranties. London Guar. & Acc. Co. Ltd. v. Strait Scale Co. 322 Mo. 502, 15 S. W. (2d) 766, 64 A. L. R. 936; 46 Am. Jur., Sales, § 748. The original seller's liability in relation thereto extends to damages sustained by his purchaser because of injuries to third persons to whom the property was resold proximately caused by breach of the warranties. Dayton Power & Light Co. v. Westinghouse Elec. & Mfg. Co. (6 Cir.) 287 F. 439, 37 A. L. R. 849; Pfarr v. Standard Oil Co. 165 Iowa 657, 146 N. W. 851, L. R. A. 1915C, 336; Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, 59 N. E. 657, 51 L. R. A. 781, 86 A. S. R. 478; London Guar. & Acc. Co. Ltd. v. Strait Scale Co. 322 Mo. 502, 15 S. W. (2d) 766, 64 A. L. R. 936. See, also, Dushane v. Benedict, 120 U. S. 630, 7 S. Ct. 696, 30 L. ed. 810.

■ In such situations, the liability of the original seller is concluded by a judgment obtained against his purchaser in an action against the latter for breach of the warranties, provided the seller was duly notified of the commencement of the prior action and was tendered the defense thereof. London Guar. & Acc. Co. Ltd. v. Strait Scale Co. supra; Annotation, 5 Ann. Cas. 589; Annotation, L. R. A. 1915C, 337. The seller's liability under such circumstances extends to the amount of the judgment obtained against his purchaser and also the necessary expenses, including costs and attorney's fees, incurred by the purchaser in defense of the action. State Bank v. American Surety Co. 206 Minn. 137, 288 N. W. 7; Westfield v. Mayo, 122 Mass. 100, 23 Am. R. 292.

Due process of law is deemed accorded the seller by virtue of notice to him of the institution of the action against his purchaser

and the tender to him of the defense thereof, thereby affording him the opportunity of asserting his defenses to any charge that the damages claimed resulted proximately from a breach of the warranties under which he originally sold the property. State Bank v. American Surety Co. *supra;* Louisville & Nashville R. Co. v. Schmidt, 177 U. S. 230, 20 S. Ct. 620, 44 L. ed. 747.

■ To establish his right to recovery against the original seller under such a judgment the purchaser, in a subsequent action over against the seller, must prove that the article involved was purchased by him from such seller and that the warranties under which it was sold to him were identical to those under which he subsequently resold it. In addition, it would be incumbent upon him to establish that in the prior action it was determined that such warranties had been breached in the resale of the article; that the breach thereof had resulted in damages or injuries to the sub-purchaser; and that therein the latter had obtained a judgment therefor against the purchaser. The pleadings, charge, and judgment in the prior action would serve to establish these facts.

The purchaser would further be required to prove that notice of the commencement of the prior action had been given to the seller; that a tender of the defense thereof had been declined by the seller; and that purchaser had paid the judgment therein and any necessary costs and disbursements incurred in defense of the action. Proof of the foregoing would establish a prima facie case entitling the purchaser to judgment for the amounts thus paid.

In defense thereto the seller would be entitled to submit evidence (1) that he had not sold the article; (2) that he had not sold it subject to the warranties determined to have been breached in the prior action; (3) that he had not been notified of the prior proceedings or tendered the defense thereof; or (4) that his purchaser had not made payment of, and was not liable for, the judgment or expenses incurred in defending the prior action. Establishment of any of these defenses would entitle the seller to a directed verdict. If none of the defenses outlined could be proved and purchaser established his prima facie case, as above set forth, then the pur-

chaser would be entitled to a directed verdict in his favor without a relitigation of the issue of breach of the warranties described.

■ In the instant case, the record discloses that plaintiff established each of the facts essential to its prima facie case as above outlined. It also discloses that defendant did not seek to establish any of the defenses under which it would be entitled to a directed verdict as above set forth. The only issue which defendant sought to litigate was that of breach of the warranties involved. However, as previously stated, this issue had been adjudicated in the prior action, where defendant had been tendered the opportunity of setting forth its defenses and where, in fact, it had sought to establish indirectly the identical defenses offered herein. The jury's determination there that breach of the warranties under which both defendant and Central Hardware had sold the ladder rather than the factors claimed here by defendant was the proximate cause of the damages sustained by Central Hardware, thus became binding upon defendant in the present action.

■ It is true that plaintiff did go beyond the proof required of it, as above outlined, and submitted evidence on the issue of breach of the warranties described. This, however, would not constitute a waiver of its right to rely upon the prior adjudication of this issue and, at best, would be regarded merely as surplusage. Plaintiff's counsel repeatedly asserted throughout the trial that it was relying upon the adjudication in the Missouri proceedings on this issue. During the trial and in its subsequent motion for a new trial, defendant at no time urged that the reception of evidence on this issue constituted waiver of plaintiff's right to rely upon the prior determination. It has frequently been held that submission of proof on a predetermined issue does not constitute waiver of the right to rely upon the prior adjudication thereof. Reclamation Dist. v. Lovdal Brothers Co. 42 Cal. App. 271, 183 P. 598; Harding v. Harding, 148 Cal. 397, 83 P. 434; Wolfe v. Graham, 185 Okl. 318, 90 P. (2d) 1067; cf. Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479; 30 Am. Jur., Judgments, § 207. In fact it has been held that, where issues already determined are

voluntarily relitigated by the parties, a court may not ignore the prior adjudication. Ocean Acc. & Guar. Corp. Ltd. v. U. S. F. & G. Co. 63 Ariz. 352, 162 P. (2d) 609; People's Sav. Bank v. Heath, 175 Mass. 131, 55 N. E. 807, 78 A. S. R. 481; Raisig v. Graf, 17 Pa. Super. 509; Walker v. Chase, 53 Me. 258.

■ Defendant asserts that the Missouri proceedings did not culminate in a judgment but rather in a verdict only and that until judgment had been entered thereon the issues determined thereby were not *res judicata* in the present proceedings, citing 3 Dunnell, Dig. & Supp. § 5164.

The record of the Missouri proceedings submitted in evidence was comprised of a certified copy of the "JUDGMENT AND SATISFACTION," "PETITION," and "ANSWER," as well as the court's charge to the jury. Included in the document designated "JUDGMENT" was the verdict of the jury and, in addition, the following:

"Wherefore, it is considered and *adjudged* by the Court that the plaintiff have and recover of the defendant, the sum of Five Thousand and no/100 ($5,000.00) Dollars, together with the costs of this proceedings, for which let execution issue." (Italics supplied.)

In the document designated "SATISFACTION" there was set forth:

"Monday, January 5th, 1948.

"Now at this day comes the plaintiff * * * and * * * acknowledges to have received full and complete satisfaction of the *judgment* heretofore rendered in his favor on the 12th day of December, 1947, in the sum of $5,000.00." (Italics supplied.)

It would seem that these documents manifest clearly that the Missouri proceedings culminated in a judgment. Defendant's counsel appears to have conceded this during the trial. There he stated:

"* * * we object to any testimony of the witness with regard to any of the merits of the original case * * *. I think that all of that matter has been determined by the *judgment* in the case * * *." (Italics supplied.)

The supreme court of Missouri has held that under the statutes of that state a verdict there is equivalent to a judgment or final

determination. Thus, in Lieffring v. Birt, 356 Mo. 1092, 1094, 204 S. W. (2d) 935, 936, the Missouri court stated:

"* * * Sec. 116 of the code (Laws 1943, p. 388) provides that 'the judgment shall be entered as of the day of the verdict.' * * * A judgment is the judicial act of the court and its entry upon the record is the ministerial act of the clerk * * * and in legal contemplation, under Sec. 116, the judgment is *rendered* upon the verdict when the verdict is returned, and its validity is not affected by the delay of the clerk in *entering* it on the court record, * * *. A judgment derives its force from the judicial act of the court in its rendition and not from the ministerial act of the clerk in entering it upon the record."

Based upon the foregoing, we are of the opinion that the determination in the Missouri proceedings whether it be designated *verdict* or *judgment* was equivalent to a final judgment and, hence, *res judicata* on the issue of breach of warranty in the present action.

■ Defendant urges that the record of the Missouri proceedings was received in evidence without proper authentication under M. S. A. 599.11. When the certified copy thereof, above described, was submitted in evidence, defendant's counsel made no objection thereto because of lack of foundation or the absence of authentication. On the contrary, it appears that he explicitly waived any objection based upon this ground when he stated:

"We don't object to the *certificate* or anything, your Honor, in fact, *we agree that the clerk's testimony would not have to be taken.* We do object * * * that the issue * * * is not an issue in this case, * * *. * * * if the Court even considers receiving it, then we would like to have attached to it the instructions given by that court to the jury." (Italics supplied.)

The instructions requested were submitted and received in evidence. Under such circumstances, we do not find error in the court's reception of these documents as evidence of the Missouri proceedings.

Affirmed.