Katherine **HESSLER**, d.b.a. Dayton Hessler Company, Plaintiff-Appellee,

v.

The **HILLWOOD MANUFACTURING COMPANY**, Defendant-Appellant.

No. 14661.

United States Court of Appeals
Sixth Circuit.

April 19, 1962.

**62**

Harley J. McNeal, McNeal & Schick, Cleveland, Ohio, for appellant.

Craig Spangenberg, Spangenberg, Hasenflue & Shibley, Cleveland, Ohio, for appellee.

Before MILLER, Chief Judge, and CECIL and WEICK, Circuit Judges.

PER CURIAM.

Hillwood was the Ohio manufacturer of nails made of hardened and tempered steel for use in nailing wood to concrete. It sold a quantity of these nails to Hessler who owned and operated a retail hardware store in Syracuse, New York. Howard Kimberly purchased some of these nails at Hessler's store. Kimberly drove one of the nails through wood into concrete by use of an ordinary hammer and the head end of the nail broke off and flew into his right eye destroying its sight. The nail broke at a place where it was cracked. The crack in the nail was longitudinal and was a defect in manufacture. Kimberly sued Hessler in the New York courts for damages for personal injuries claiming breach of an implied warranty which was that her nails were merchantable and reasonably fit for the purpose of nailing wood to concrete. Hillwood was not a party to that case and was not amenable to process in New York. Hessler duly notified Hillwood of the pending lawsuit, requested Hillwood to take over the defense of the case and advised Hillwood that it would seek indemnity if Kimberly recovered judgment. Hillwood refused to assume the defense of the case. Hessler was required to and did engage counsel to try the case. The trial resulted in a verdict and judgment against Hessler for $20,000.00. She paid the judgment and sued Hillwood in the District Court in Ohio to recover the amount thereof including costs, attorneys fees and interest alleging breach of the same implied warranty.

The District Judge heard the case without a jury, adopted findings of fact and conclusions of law, and entered judgment in favor of Hessler for the full amount of the damage.

In this Court, it is urged (1) that Hessler did not properly defend the New York case; (2) that Hessler neglected to furnish Kimberly with written instructions supplied by Hillwood as to how to drive the nail; (3) that it was not shown that Kimberly purchased the nail from Hessler; (4) that the trial judge cross-examined witnesses in a manner prejudicial to Hillwood; (5) that the court erred in not permitting evidence to prove the excellence of Hillwood's product.

■■ As we see it, Hessler had two strings to her bow. First, having "vouched in" Hillwood in the New York case, Hillwood was concluded by the judgment rendered in that case. Frank R. Jelleff, Inc., etc. v. Pollak Bros., Inc., D.C., 171 F.Supp. 467; Liberty Mutual Ins. Co. v. J. R. Clark Co., 239 Minn. 511, 59 N.W.2d 899; Murphy v. City of Yonkers, 213 N.Y. 124, 107 N.E. 267, L.R.A. 1915F, 598; 27 Am.Jur., Sec. 35, p. 478. Second, Hessler offered independent evidence in the District Court as to all the essential elements of her case and was entitled to recover even though the New York judgment was not conclusive. Dayton Power & Light Co. v. Westinghouse Electric & Manufacturing Co., 287 F. 439, 37 A.L.R. 849 (CA 6, 1923).

■ The Uniform Sales Code was in force in New York and Ohio, Personal Property Law, McKinney's Consol.Laws, c. 41, § 82 et seq.; R.C.Ohio § 1315.01 et seq., and contained identical provisions

for implied warranty. Under the law there was an implied warranty that the nails were of merchantable quality reasonably fit for driving into concrete.

It was established beyond question that the nail which broke and injured the plaintiff was defectively manufactured. An independent laboratory analysis secured by Hillwood's insurer of the broken end of the nail revealed that the nail was cracked and the fracture of the nail was directly related to the crack. There was substantial evidence to support the finding of the District Court that Hessler supplied the defective nail to Kimberly which she had purchased from Hillwood.

■ We do not think that Hillwood was in a very good position to question whether the defense of the New York case had been skillfully handled by the lawyers employed by Hessler. They were reputable attorneys. There was no claim of fraud, collusion or bad faith on their part. Since Hillwood's laboratory analysis indicated that the nail was defective, there was not much chance of successfully defending the case. If Hillwood was of the view that it could defend the case better with its own lawyers, it had full opportunity to do so but declined. It is not very difficult, after a case has been tried and lost, using ex post facto wisdom, to find fault with somebody else's work. Frank R. Jelleff, Inc., etc. v. Pollak Bros., Inc., supra, 171 F.Supp. at 472, 473.

■ The trial judge did not find that written instructions as to how to drive the nails were supplied to Hessler by Hillwood. He ruled that the evidence failed to establish any restriction on the warranty. He found that Kimberly, in driving the nail, substantially complied with the written instructions. We cannot say that these findings of fact were clearly erroneous. His conclusions of law were correct.

■ Hillwood was not prejudiced by the exclusion of evidence as to the excellence of its products. It was not relevant on the issue whether the nail which injured Kimberly had been defectively manufactured.

Nor do we think that the questions asked by the trial judge of some of the witnesses exceeded the bounds of judicial propriety. We find no abuse of discretion in the conduct of the trial.

The judgment of the District Court is affirmed.