CARMAN INDUSTRIES, INC., Plaintiff,

v.

Eugene A. WAHL and Vibra Screw Feeders, Inc., Defendants.

Civ. A. No. 76–512.

United States District Court, D. New Jersey.

Nov. 22, 1976.

Gaccione & Pomaco by John E. Patton, Belleville, N. J., for plaintiff; Mann, Brown & McWilliams, Chicago, Ill., of counsel, Illinois Bar by Thomas F. McWilliams, and Dennis M. McWilliams, Chicago, Ill.

Kirsten, Solomon, Friedman & Cherin by Harold Friedman, Newark, N. J., for defendants; Charles J. Brown, Windham, N. Y., of counsel, New York Bar.

## OPINION

MEANOR, District Judge.

In the present action, plaintiff charges the defendants with combination and conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and attempts to monopolize in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. Plaintiff now moves to strike an affirmative defense from defendants' answer, and for dismissal of defendants' counterclaims.

This action derives from certain litigation concerning a device on which the defendants had obtained a patent. Carman Industries, Inc., plaintiff herein, was formerly known as Carrier Manufacturing Co. In 1965, the defendants sued Carrier in the Southern District of Indiana for infringement of their patent. The Indiana court found the patent invalid on the ground that the patented device had been anticipated by certain prior art which defendants had failed to disclose to the Patent Office, and such prior art rendered the device obvious to a person having ordinary skill in the art. The trial court's decision was affirmed by the Seventh Circuit. *Wahl v. Carrier Mfg. Co.*, 452 F.2d 96 (7th Cir. 1971), cert. denied, 405 U.S. 990, 92 S.Ct. 1255, 31 L.Ed.2d 457 (1972). In an attempt to establish entitlement to an award of attorney's fees, Carrier had asserted in the Indiana action that the failure of Wahl and Vibra Screw to divulge the prior art of the device to the Patent Office was fraudulent. In an order amending its findings, the trial court concluded otherwise, stating that "the failure to make such a disclosure, in the opinion of the Court, in light of the evidence, did not come up to the level of fraud."

Prior to the final adjudication of the Indiana litigation, Wahl and Vibra Screw instituted an action in the Western District of Kentucky against a second alleged infringer of their patent. The Kentucky court entered summary judgment against Wahl and Vibra Screw on the ground that the Indiana judgment holding the patent invalid estopped subsequent suits for infringement of the patent under the doctrine of *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). In so holding, the Kentucky court expressly rejected the notion that the Indiana court had failed to comprehend the technical issues of the case. The Kentucky judgment has been affirmed by the Sixth Circuit. *Wahl v. Vibranetics, Inc.*, 474 F.2d 971 (6th Cir.), cert. denied, 414 U.S. 859, 94 S.Ct. 72, 38 L.Ed.2d 110 (1973).

In the present antitrust action, the plaintiff, now having assumed the name Carman Industries, charges Wahl and Vibra Screw with violations of the Sherman Act, alleging, inter alia, that the defendants induced the granting of the patent in question by "knowingly misrepresenting the state of the art" to the Patent Office; that the defendants have marketed the patented device under a patent obtained "by knowingly committing fraud" on the Patent Office; and that the defendants have generally threatened and prosecuted a program of vexatious litigation with respect to the patent.

In their answer, defendants raise an affirmative defense alleging that plaintiff is precluded from all equitable relief because it made intentional misrepresentations to the court in Indiana, thereby enabling it to obtain its judgment in that action. Therefore, the defendants assert, plaintiff brings

the present action with unclean hands. Furthermore, defendants have asserted counterclaims in the present action for infringement of the same patent as was involved in the Indiana action.

Plaintiff now moves to strike the above affirmative defense and counterclaims on the ground of res judicata. Defendants, in opposition to the motion, argue that plaintiff has waived and is estopped from asserting the res judicata effect of the Indiana judgment by its choice to relitigate issues determined by that action, to wit, the question of whether the defendants' perpetrated fraud on the Patent Office.

I find, as a matter of law and policy, that there has been no waiver of res judicata here, and that both parties are bound by, and must acquiesce to, those matters which have been determined by the Indiana litigation.

Before a party may be deemed to have waived the defense of res judicata, he must have assumed a position so inconsistent with its assertion as to constitute a decision to abandon it, or acted in a manner which renders the allowance of the defense inequitable. *Hickey v. Johnson,* 9 F.2d 498, 504 (8th Cir. 1925). Such a waiver has been found where a party has chosen to relitigate rather than assert the benefit of a prior adjudication of an issue in dispute. See, e. g., *Donald v. J. J. White Lumber Co.,* 68 F.2d 441 (5th Cir. 1934).

Plaintiff herein, by its allegation of fraud on the Patent Office, has called into question a matter formerly decided in the Indiana proceeding. The prior resolution of that question, however, is not one from which plaintiff would seek to derive benefit. That matter was decided against the plaintiff. Wahl and Vibra Screw, rather than looking to the Indiana adjudication to foreclose plaintiff's charge of fraud on the Patent Office, have attempted to seize this opportunity in order to relitigate the validity of their patent. This matter, too, was wholly dealt with and resolved in the Indiana action. It is established that the apparent willingness of parties to relitigate questions already decided does not authorize a court to disregard the effect of a former judgment. *Liberty Mut. Ins. Co. v. J. R. Clark Co.,* 239 Minn. 511, 59 N.W.2d 899, 905 (1953); *Ocean Acc. & Guar. Corp. v. United States Fid. & Guar. Co.,* 63 Ariz. 352, 162 P.2d 609 (1945); *Peoples Sav. Bank v. Health,* 175 Mass. 131, 55 N.E. 807, 808 (1900).

Furthermore, at oral argument, plaintiff herein specifically disclaimed any intention to reopen the issue of patent validity by asserting fraud on the Patent Office in support of its antitrust claims. Rather, as I now understand plaintiff's position, it is sought to use the failure to reveal prior art as evidence of its antitrust claim founded upon the maintenance of vexatious, harassing and frivolous litigation.

Thus, it is concluded that the finding of no fraud binds both parties. Neither may go behind the Indiana judgment and relitigate the issue of fraud on the Patent Office. Both are required to acquiesce in this ultimate fact determination. Both are equally obliged to accept the validity of the Indiana judgment as determined by the Kentucky court. This result, it seems to me, is not only required by res judicata, but also by the interests of the judiciary in the finality of litigation and by a necessity to protect the courts from relitigation of questions already concluded simply because the parties, at some future date, decide that it would be to their advantage to retry issues that formerly had been put to rest. The interest of the courts in preventing imposition upon their resources by repetitive retrial of the same issues is a powerful impetus toward this result.

Hence, the motion to strike the defense and counterclaims is granted. The precise effect of this ruling on the plaintiff's claim may be left to a future date. It is sufficient to note now that plaintiff is precluded from asserting fraud on the Patent Office in support of an antitrust recovery.

Plaintiff should submit an appropriate order with consent as to form.